**ARCHER & GREINER P.C.**
Thomas J. Herten, Esq. (TH7556)
Nicole G. McDonough, Esq. (NM5221)
Court Plaza South, West Wing
21 Main Street, Suite 353
Hackensack, New Jersey 07601
(201) 342-6000
*Attorneys for Defendant, Justin Leavitt*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIFESCAN, INC. and JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC., | Civil Action No.: 2:17-CV-05552-CCC-CLW |
| Plaintiffs, | **BRIEF IN SUPPORT OF DEFENDANT JUSTIN LEAVITT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2), FED. R. CIV. P. 12(b)(3), AND FED. R. CIV. P. 12(b)(6)** |
| v. | |
| JEFFERY C. SMITH, GEOFFREY S. SWINDLE, STEVEN L. HADLOCK, SAHILY PAOLINE, DAVID GRANT, JUSTIN LEAVITT, BLAINE SMITH, ALISON WISTNER, ADAM KOOPERSMITH, and ZB, N.A., | |
| Defendants. | **MOTION RETURNABLE FEBRUARY 12, 2018** |

Of counsel and on the brief:
   Thomas J. Herten
   Nicole G. McDonough

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................1

FACTUAL AND PROCEDURAL HISTORY AS TO LEAVITT ...............................2

LEGAL ARGUMENT ..............................................................................................4

   I.   PLAINTIFFS CANNOT ESTABLISH PERSONAL JURISDICTION OVER LEAVITT PURSUANT TO FED. R. CIV. P. 12(b)(2). ......................................4

   II.  VENUE IS IMPROPER UNDER FED. R. CIV. P. 12(b)(3). ...........................7

   III. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6). ...............................................................................7

CONCLUSION .........................................................................................................9

# **TABLE OF AUTHORITIES**

## **Cases**

*Keeton v. Hustler Magazine, Inc.*,
   465 U.S. 770 (1984)..................................................................................................5

*Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros., Inc.*,
   983 F.2d 551 (3d Cir. 1992) ....................................................................................5

*N.V.E. Inc. v. Cosmetic Indus. & Trade Corp.*,
   No. CIVA 09-3412 (PGS), 2010 WL 1381482 (D.N.J. Apr. 5, 2010), *report and recommendation adopted,* No. CIV.A. 09-3412 (PGS), 2010 WL 1849328 (D.N.J. May 4, 2010) ……………………………………………………………….…6

*Roche Diagnostics Corp. v. Binson's Hosp. Supplies, Inc.*,
   No. 117CV00949LJMDML, 2017 WL 4123050 (S.D. Ind. Sept. 18, 2017).........5

## **Statutes**

28 U.S.C. § 1391(b)(1).................................................................................................7

## **Rules**

Fed. R. Civ. P. 8(a)......................................................................................................8

Fed R. Civ. P. 9(b) ..................................................................................................7, 8

Fed. R. Civ. P. 12(b)(2)...........................................................................................1, 4

Fed. R. Civ. P. 12(b)(3)...........................................................................................1, 7

Fed. R. Civ. P. 12(b)(6).................................................................................... 1, 2, 7, 9

## **PRELIMINARY STATEMENT**

Defendant Justin Leavitt ("Leavitt") moves the Court pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3) and 12(b)(6) to dismiss all claims in Plaintiffs' First Amended Complaint ("Amended Complaint"), on the same grounds set forth in the Notice of Motion and Motion of Defendants Jeffrey C. Smith, Steven L. Hadlock, Sahily Paoline, David Grant and Blaine Smith to Dismiss Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(3), and Fed. R. Civ. P. 12(b)(6) ("Defendants' Motion to Dismiss") (Dkt. 61.)

Leavitt joins and incorporates Defendants' Motion to Dismiss because he seeks dismissal based on the same legal grounds as those defendants (hereafter, the "Moving Co-Defendants"), and is similarly situated as the Moving Co-Defendants. Leavitt is alleged to be an individual residing in Utah, and is named in this lawsuit in his capacity as a former officer/employee of a non-party Utah corporate entity alleged to have engaged in fraudulent conduct, Alliance Medical Holdings, LLC ("Alliance"). The ostensible basis for Plaintiffs bringing suit in the state of their principal place of business, New Jersey, instead of Utah, is for their own convenience and advantage, which are not valid grounds under any legal standard.

As demonstrated in Defendants' Motion to Dismiss, the allegations in the Amended Complaint as to those individual defendants residing in Utah and sued by virtue of their employment fail to establish personal jurisdiction, proper venue, or to

1

state plausible claims for relief under Rule 12(b)(6). Indeed, as to Leavitt, there is a sum total of two allegations in the thirty-one (31) pages of the Amended Complaint that even purport to attribute any conduct to him—the first of which groups him with other co-defendants as the "Alliance Defendants" with the unsupported, conclusory allegation that these individuals engaged in fraudulent conduct based on their employment positions with Alliance (Am. Compl. ¶ 26), and the second of which similarly presumes and concludes that Leavitt participated in and is liable for fraudulent conduct based solely on his capacity as the "former Chief Financial Officer of Alliance[.]" (Am. Compl. ¶ 86.) In short, Plaintiffs have not alleged that Leavitt individually had any contacts whatsoever with New Jersey, and Plaintiffs have not alleged that Leavitt individually committed or participated in any fraudulent conduct. Leavitt should therefore be dismissed from this lawsuit on the same legal grounds set forth by the Moving Co-Defendants.

Accordingly, for the convenience of the Court and in the interests of judicial economy, Leavitt hereby incorporates all of the arguments and grounds for dismissal set forth in Defendants' Motion to Dismiss. The basis upon which those arguments and grounds are applicable to Leavitt is more specifically set forth below.

## FACTUAL AND PROCEDURAL HISTORY AS TO LEAVITT

Leavitt was not named as a party defendant in Plaintiffs' original Complaint, filed July 28, 2017. (Dkt. 1.) Plaintiffs added Leavitt as a Defendant in their

Amended Complaint filed on November 22, 2017. (Dkt. 41.) As with the Moving Co-Defendants, the Amended Complaint alleges that Leavitt is a Utah resident and the former Chief Financial Officer of Alliance. (*See* Am. Compl. ¶ 18.)

The next reference to Leavitt in the Amended Complaint is under the heading "Alliance Defendants" in paragraph 26, which is the only allegation in the entirety of the Amended Complaint purporting to establish personal jurisdiction over Leavitt in New Jersey. (Am. Compl. ¶ 26.) Plaintiffs attempt to do so by grouping Leavitt with other corporate employees of Alliance, and alleging that these individuals committed torts in New Jersey:

> ***The Court has personal jurisdiction over*** Defendants Jeffrey C. Smith, Geoffrey S. Swindle, Steven L. Hadlock, Sahily Paoline, David Grant, ***Justin Leavitt***, Blaine Smith, Alison Wistner, and Adam Koopersmith (collectively the "Alliance Defendants") ***because they committed torts alleged herein in New Jersey***. As alleged below, the Alliance Defendants sold, aided and abetted the sale of, and conspired to sell LifeScan products in the state of New Jersey as part of an illegal scheme whereby they fraudulently obtained improper insurance reimbursements for the New Jersey sales. As part of this scheme, the Alliance Defendants further received insurance reimbursements from insurance companies located in the state of New Jersey. In addition, the Alliance Defendants fraudulently and knowingly caused JJHCS to make payments from New Jersey.

(*Id.*) (Emphasis added.) The remainder of paragraph 26 purports to attribute such torts to these individuals by virtue of Alliance, the non-party corporate entity, allegedly selling products in New Jersey (*see id.*), and the subsequent allegation that these individuals "are or were officers, directors, and/or financiers of [Alliance]."

3

(*Id*. at ¶ 51.) As to Leavitt, the Amended Complaint is entirely devoid of any factual allegation against him individually with respect to the alleged "fraudulent scheme" apart from his capacity as an officer of Alliance:

> Defendant Justin Leavitt, ***as former Chief Financial Officer of Alliance***, and Defendant Blaine Smith, as former Chief Revenue Officer of Alliance, also knew of and provided substantial assistance for the fraud. Alliance's fraud was central to the company's finances and these Defendants, as Alliance's senior finance executives, were intimately involved in its execution. Alliance derived over 90% of its revenue from insurance reimbursements for fraudulent claims. As discussed below, Alliance obtained credit refinancing from Zions Bank by disclosing its fraud and then signing agreements explicitly acknowledging the fraud. Mr. Woolley discussed the fraud with Mr. Leavitt and Mr. Smith after learning of it.

(*Id*. at ¶ 86.) (Emphasis added.) There are no other allegations in the Amended Complaint alleging that Leavitt had any general contacts with New Jersey, or that Leavitt individually had any contacts with persons or entities in New Jersey specific to the allegations in this lawsuit or his capacity as CFO of Alliance. (*See, e.g., id*.) In fact, apart from the two foregoing allegations and grouping him in the causes of action, the Amended Complaint does not mention Leavitt at all. (*See, e.g., id*.)

## LEGAL ARGUMENT

### I. PLAINTIFFS CANNOT ESTABLISH PERSONAL JURISDICTION OVER LEAVITT PURSUANT TO FED. R. CIV. P. 12(b)(2).

Leavitt incorporates and joins in full the legal grounds and arguments challenging both general and specific personal jurisdiction over the Moving Co-Defendants. (*See* Dkt. 61-1.) These arguments apply to Leavitt because, first,

4

similar to the Moving Co-Defendants, the Amended Complaint contains no allegations to establish that Leavitt, a resident of Utah, individually maintained "continuous and systematic contacts" with New Jersey to establish general jurisdiction. (*See* Defendants' Motion to Dismiss at 9, quoting *Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros., Inc.*, 983 F.2d 551, 554 (3d Cir. 1992).)

Second, similar to the Moving Co-Defendants, the Amended Complaint contains no allegations to establish that Leavitt individually had any contacts with, or connections to, New Jersey specific to the allegations in this lawsuit. (*See, e.g.*, Am. Compl.) It is axiomatic that Leavitt's alleged capacity as an officer of Alliance[1] is insufficient as a matter of law to impose personal jurisdiction over him. Rather, each defendant's contacts with the forum state—including corporate employees or officers—must be assessed ***individually***. (*See* Defendants' Motion to Dismiss at 11-13, quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984); and citing *Roche Diagnostics Corp. v. Binson's Hosp. Supplies, Inc.*, No. 117CV00949LJMDML, 2017 WL 4123050 (S.D. Ind. Sept. 18, 2017), a "near-mirror image case" where the court lacked personal jurisdiction over employees of a corporation because the plaintiffs could not show wrongful conduct

---

[1] Leavitt does not concede that Alliance, a non-party corporate entity domiciled in Utah (Am. Compl. ¶ 23), would itself be subject to personal jurisdiction in New Jersey, which only further attenuates Plaintiffs' theory of personal jurisdiction over Leavitt based on his employment with a Utah company.

by the employees in their "personal capacities" availing themselves of the forum state, apart from acts on behalf of the corporation in their official capacities.)[2]

Two paragraphs purport to attribute conduct to Leavitt. As already noted, paragraph 26 consists of conclusory allegations of fraudulent activity by Alliance in selling products in New Jersey; even taking these as true is insufficient to establish jurisdiction over Leavitt because there are no facts alleged as to him individually. (*See* Am. Compl. at ¶ 26.) Paragraph 86 similarly purports to attribute individual wrongdoing to Leavitt based on his capacity "as former [CFO] of Alliance," and corporate finance actions by Alliance, and nothing more. The concluding sentence, that "Mr. Woolley discussed the fraud with Mr. Leavitt and Mr. Smith after learning of it[,]" is not only devoid of context and specificity, but for purposes of personal jurisdiction does not allege that such conduct occurred in or involved New Jersey.

In sum, Plaintiffs have not pleaded any facts to establish personal jurisdiction, as more fully argued in the Defendants' Motion to Dismiss and incorporated herein

---

[2] *See also N.V.E. Inc. v. Cosmetic Indus. & Trade Corp.*, No. CIV.A. 09-3412 (PGS), 2010 WL 1381482, at *3–4 (D.N.J. Apr. 5, 2010), *report and recommendation adopted,* No. CIV.A. 09-3412 (PGS), 2010 WL 1849328 (D.N.J. May 4, 2010) ("Plaintiff argues that simply because [the individual defendant] is president and registered agent of a small corporation, he therefore must be involved with all actions taken by said corporation. However Plaintiff presents no evidence to support this theory . . . Plaintiff appears to rely entirely on the argument that because [the individual defendant] is President and Registered Agent of Citco, he is therefore subject to personal jurisdiction in any forum where Citco is subject to said jurisdiction. However, as evidenced above, that is not the case").

as applicable to Leavitt.

## II.  VENUE IS IMPROPER UNDER FED. R. CIV. P. 12(b)(3).

Leavitt incorporates and joins in full the legal grounds and arguments challenging the venue in this case as improper. (*See* Dkt. 61-1.) Leavitt is similarly situated as the Moving Co-Defendants in this regard because, first, he, too, is alleged to reside in Utah—not New Jersey under 28 U.S.C. § 1391(b)(1); second, the Amended Complaint does not sufficiently allege that a "substantial part of the events or omissions giving rise to the claim occurred . . . [in New Jersey]" under subsection (b)(2), as demonstrated in Defendants' Motion to Dismiss; and third, Leavitt is not subject to personal jurisdiction in this Court, as demonstrated in Defendants' Motion to Dismiss and applicable to Leavitt as explained above.

Accordingly, Leavitt submits that venue is improper in this action for the same reasons set forth in Defendants' Motion to Dismiss.

## III. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6).

Finally, Leavitt incorporates and joins in full the legal grounds and arguments challenging the sufficiency of Plaintiffs' substantive claims for relief under Rule 12(b)(6) and Rule 9(b). (*See* Dkt. 61-1, at 22-37.) Specifically, with respect to Plaintiffs' First Claim for Relief for Fraud, Leavitt is grouped with the Moving Co-Defendants as to the alleged fraudulent conduct that was deemed insufficient to state a claim in Roche (*see id.* at 23), and the Amended Complaint is otherwise

7

plagued by the same failure to plead a cognizable theory of fraud with the requisite specificity against these individuals under Rule 9(b). (*See* Dkt. 61-1, at 22-29.)

With respect to Plaintiffs' Second Claim for Relief for Unjust Enrichment, similar to the Moving Co-Defendants, Leavitt as an "individual employee" (*id.* at 31) did not maintain a "direct relationship" with Plaintiffs as required to sustain a claim for unjust enrichment, nor did Alliance in any event. (*Id.* at 31-32.)

With respect to Plaintiffs' Third Claim for Relief for Negligent Misrepresentation, similar to the Moving Co-Defendants, Leavitt as an "employee[] at Alliance" (Dkt. 61-1, at 35) is not alleged to have owed a duty of care to Plaintiffs or maintained a "special relationship." (*See id.*) Plaintiffs have also failed to allege any "misstatement or omission" made by Leavitt—under either Rule 8(a) or 9(b), and indeed, "[i]nstead, Plaintiffs speak in generalities about the collective group of defendants or substitute the corporate entity Alliance in place of individuals." (*Id.*) Similar to the Moving Co-Defendants, Plaintiffs have also failed to plead an "independent duty to disclose" any facts as to Leavitt, and instead simply seek to impute statements by a corporation onto its employees. (*Id.* at 36.)

With respect to Plaintiffs' Fourth Claim for Relief for Tortious Interference With Prospective Business Relations, similar to the Moving Co-Defendants, Plaintiffs have not alleged any business relationship or economic advantage that was lost, or that Leavitt individually interfered with any such relationship, much less

8

with any knowledge or intent. (*Id*. at 37-39.)

Accordingly, Plaintiffs fail to state a plausible claim for relief for the same reasons set forth in Defendants' Motion to Dismiss.

## CONCLUSION

For the reasons set forth above and in Defendants' Motion to Dismiss, which Leavitt joins and incorporates in full, Leavitt respectfully submits that his Motion should be granted because Plaintiffs have failed to allege facts to assert personal jurisdiction over Leavitt, because venue in the District of New Jersey is improper, and because the Amended Complaint fails to state a claim for relief under Rule 12(b)(6).

DATED this 19th day of January, 2018.

                                                        ARCHER & GREINER P.C.

                                                        ___*/s/ Thomas J. Herten*_____
                                                        Thomas J. Herten (TH7556)
                                                        Nicole G. McDonough (NM 5221)
                                                        Court Plaza South, West Wing
                                                        21 Main Street, Suite 353
                                                        Hackensack, New Jersey 07601
                                                        (201) 342-6000
                                                        therten@archerlaw.com
                                                        nmcdonough@archerlaw.com
                                                        *Attorneys for Defendant, Justin Leavitt*