## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIFESCAN INC., and JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC., <br>          Plaintiff, <br><br>     vs. <br><br> JEFFREY C. SMITH, GEOFFREY S. SWINDLE, STEVEN L. HADLOCK, SAHILY PAOLINE, DAVID GRANT, JUSTIN LEAVITT, BLAINE SMITH, ALISON WISTNER, ADAM KOOPERSMITH & ZB, N.A., <br>          Defendants. | Civil Action <br> Case No.: 2:17-CV-05552-CCC-CLW <br><br><br>      FILED ELECTRONICALLY <br><br> Oral Argument Is Requested <br><br> Return Date:  March 5, 2018 |

---

### BRIEF IN SUPPORT OF DEFENDANTS WISTNER AND KOOPERSMITH'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

---

**CHIESA SHAHINIAN & GIANTOMASI PC**
One Boland Drive
West Orange, NJ 07052
Telephone: (973) 325-1500
*Attorneys for Defendants*
*Alison Wistner and Adam Koopersmith*

Of Counsel and on the Brief:
     Jeffrey S. Chiesa, Esq.
     Ronald L. Israel, Esq.
     Marie L. Mathews, Esq.
     Olajide A. Araromi, Esq.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT ......................................................................... 1

STATEMENT OF FACTS.................................................................................. 3

LEGAL ARGUMENT......................................................................................... 5

I.    Plaintiffs Failed To Articulate A Basis For Personal Jurisdiction Over The
      External Director Defendants ................................................................. 5

II.   Venue Is Improper Under Fed. R. Civ. P. 12(B)(3) ............................ 7

III.  The Amended Complaint Fails To State A Claim Under Fed. R. Civ. P.
      12(B)(6)..................................................................................................... 7

CONCLUSION ................................................................................................. 10

7290781

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arlandson v. Hartz Mt. Corp.*,
   792 F. Supp. 2d 691 (D.N.J. 2011) ...................................................................................8

*Database Amer., Inc. v. Bellsouth Advertising & Pub., Corp.*,
   825 F. Supp. 1195 (D.N.J. 1993) .....................................................................................5

*Educ. Testing Serv. v. Katzman*,
   631 F. Supp. 550 (D.N.J. 1986) .......................................................................................6

*Hemy v. Perdue Farms, Inc.*,
   No. CIV.A. 11-888 FLW, 2011 WL 6002463 (D.N.J. Nov. 30, 2011) ............................9

*Hoffman v. Liquid Health Inc.*,
   No. CIV. 14-01838 SRC, 2014 WL 2999280 (D.N.J. July 2, 2014) ...............................9

*HS Real Co., LLC v. Sher*,
   526 F. App'x 203 (3d Cir. 2013) ......................................................................................5

*Keeton v. Hustler Magazine, Inc.*,
   465 U.S. 770 (1984)..........................................................................................................7

*Kronfeld v. First Jersey Nat. Bank*,
   638 F. Supp. 1454 (D.N.J. 1986) .....................................................................................9

*Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros., Inc.*,
   983 F.2d 551 (3d Cir. 1992)..............................................................................................5

*Naporano Iron & Metal Co. v. Am. Crane Corp.*,
   79 F. Supp. 2d 494 (D.N.J. 1999) ....................................................................................8

*People Express Airlines v. Consol. Rail Corp.*,
   495 A.2d 107 (N.J. 1985)..................................................................................................9

*Roche Diagnostics Corp. v. Binson's Hosp. Supplies, Inc.*,
   No. 1:17-CV-00949, 2017 WL 4123050 (S.D. Ind. Sept. 18, 2017)................................6

*Rush v. Savchuk*,
   444 U.S. 320 (1980)..........................................................................................................5

*Victory Int'l (USA) Inc. v. Perry Ellis Int'l, Inc.*,
   No. CIV.A. 07-0375WHW, 2008 WL 65177 (D.N.J. Jan. 2, 2008)................................6

7290781

*Zodda v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*,
      No. CIV. 13-7738 FSH, 2015 WL 926221 (D.N.J. Mar. 4, 2015) ...........................................8

**Other Authorities**

Fed. R. Civ. P. 9(b) ...........................................................................................................8, 9

Fed. R. Civ. P. 12(b)(3)......................................................................................................1, 7

Fed. R. Civ. P. 12(b)(6)...................................................................................................1, 8, 10

7290781

## PRELIMINARY STATEMENT

Defendants Alison Wistner ("Wistner") and Adam Koopersmith ("Koopersmith," and together with Wistner, the "External Director Defendants") move to dismiss all claims against them in Plaintiffs' First Amended Complaint ("Amended Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3) and 12(b)(6). The External Director Defendants join and incorporate herein the entirety of the arguments set forth in the motions to dismiss filed by defendants Jeffrey C. Smith, Steven L. Hadlock, Sahily Paoline, David Grant and Blaine Smith (Dkt. 61) and Justin Leavitt (Dkt. 72) (collectively referred to herein as the "Moving Co-Defendants"). The legal arguments made by the Moving Co-Defendants are even more compelling as to the External Director Defendants because at no time were either of them an officer or employee of Alliance Medical Holdings, LLC ("Alliance").

The Amended Complaint details a purported scheme by which subsidiaries of Alliance purchased products from third-parties that were manufactured by Plaintiffs and intended for mail-order sale, sold them to consumers at retail and then sought reimbursement for such sales from pharmacy benefit managers. As Alliance has filed for bankruptcy, Plaintiffs improperly seek to recover against the company's officers and employees, and in the case of Wistner and Koopersmith, two of its non-executive directors. As explained herein, Plaintiffs' complaint should be dismissed for failure to state a claim. But even if the claims could survive, Plaintiffs have chosen to sue these substitute defendants in the wrong court. The Amended Complaint fails to establish that any of the defendants are subject to personal jurisdiction in New Jersey or that this District is the proper venue for resolution of the dispute. Plaintiffs have not alleged such facts because there are no such facts – indeed, the External Director Defendants are residents of Utah and Illinois and have no contacts with New Jersey. Likewise, no substantial events

1

involving defendants are even alleged to have occurred in New Jersey that would justify resolving the dispute in this venue.

Moreover, the Amended Complaint fails to state a claim that gives rise to a cause of action against any defendant, and should be dismissed on that basis as well. Accordingly, for the convenience of the Court and in the interest of judicial economy, the External Director Defendants will rely upon and incorporate herein the Moving Co-Defendants' motion papers (Dkts. 61 and 72). The bases upon which those arguments and grounds are applicable to the External Director Defendants are more specifically set forth below.

7290781

## STATEMENT OF FACTS

Plaintiffs added the External Director Defendants to their Amended Complaint filed on November 22, 2017 (Dkt. 41). The Amended Complaint describes Wistner as a Utah resident, a director of Alliance and "Managing Director of Mercato Partners, a major investor in Alliance." (Am. Compl. at ¶ 20). Koopersmith is described as an Illinois resident, a director of Alliance, and "a partner at the Pritzker Group, a major investor in Alliance." (*Id.* at ¶ 21). The only allegation purporting to support the exercise of personal jurisdiction over the External Director Defendants by this Court groups such defendants with Alliance's officers and employees:

> The Court has personal jurisdiction over Defendants Jeffrey C. Smith, Geoffrey S. Swindle, Steven L. Hadlock, Sahily Paoline, David Grant, Justin Leavitt, Blaine Smith, Alison Wistner, and Adam Koopersmith (collectively the "Alliance Defendants") **because they committed torts alleged herein in New Jersey.** As alleged below, the Alliance Defendants sold, aided and abetted the sale of, and conspired to sell LifeScan products in the state of New Jersey as part of an illegal scheme whereby they fraudulently obtained improper insurance reimbursements for the New Jersey sales. As part of this scheme, the Alliance Defendants further received insurance reimbursements from insurance companies located in the state of New Jersey. In addition, the Alliance Defendants fraudulently and knowingly caused JJHCS to make payments from New Jersey.

(*Id.* at ¶ 26) (emphasis added).

Although the foregoing paragraph states that the "Alliance Defendants" engaged in various conduct, the entirety of the allegations in the Amended Complaint relate to purported actions of Alliance or its subsidiaries. As to the External Director Defendants, the Amended Complaint is entirely devoid of any factual allegations against them with respect to the alleged "fraudulent scheme" apart from those undertaken in their official roles on Alliance's board of directors, as to which the pleadings are insufficiently vague and conclusory:

> Defendant Wistner serves on Alliance's board as the representative of Mercato Partners, a major investor in Alliance. Ms. Wistner

3

7290781

became aware that fraud was Alliance's foundational practice no later than June 2015, when Geoffrey Swindle informed her of it. Subsequently Ms. Wistner continued to authorize, supervise, and abet the operation of the business she knew to be based on fraud.

Defendant Koopersmith serves on Alliance's board as the representative of the Pritzker Group, another major investor in Alliance. Mr. Koopersmith became aware that fraud was Alliance's foundational practice no later than July 2015, when Geoffrey Swindle informed Mr. Koopersmith of it. Subsequently Mr. Koopersmith continued to authorize, supervise, and abet the operation of the business he knew to be based on fraud.

(*Id*. at ¶¶ 87-88.) There are no other allegations in the Amended Complaint that specifically relate to the External Director Defendants.

7290781

## LEGAL ARGUMENT

### I.   PLAINTIFFS FAILED TO ARTICULATE A BASIS FOR PERSONAL JURISDICTION OVER THE EXTERNAL DIRECTOR DEFENDANTS

The External Director Defendants incorporate and join in full the legal grounds and arguments challenging personal jurisdiction over the Moving Co-Defendants. (Dkts. 61 and 72). Such arguments are equally applicable to the External Director Defendants because the Amended Complaint is devoid of any allegations that establish that either Wister, a Utah resident, or Koopersmith, an Illinois resident, maintained continuous and systematic contacts with the state of New Jersey, unrelated to the subject matter of this lawsuit, sufficient to establish general jurisdiction. (*See* Dkt. 61-1 at 9); *Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros., Inc.*, 983 F.2d 551, 554 (3d Cir. 1992); *Database Amer., Inc. v. Bellsouth Advertising & Pub., Corp.*, 825 F. Supp. 1195, 1209 (D.N.J. 1993). The Amended Complaint is devoid of any allegation that the External Director Defendants have had contact with New Jersey that is unrelated to the subject matter of this case.

As to specific jurisdiction, Plaintiffs have failed to describe how Wistner and Koopersmith have each individually availed themselves of the privilege of conducting activities within New Jersey. (*See* Dkt. 61-1 at 9-10); *Rush v. Savchuk*, 444 U.S. 320, 332 (1980); *HS Real Co., LLC v. Sher*, 526 F. App'x 203, 206 (3d Cir. 2013). Instead, Plaintiffs assert that *all defendants generally* (1) "sold, aided and abetted the sale of, and conspired to sell LifeScan products in the state of New Jersey as part of an illegal scheme whereby they fraudulently obtained improper insurance reimbursements for the New Jersey sales"; (2) "received insurance reimbursements from insurance companies located in the state of New Jersey"; and (3) "fraudulently and knowingly caused JJHCS to make payments from New Jersey." (Amended Compl. at ¶ 26). Plaintiffs' allegations in fact relate to the conduct of Alliance, and not the

5

7290781

individual defendants.   Jurisdiction over the corporation does not subject its officers and directors to personal jurisdiction.   *See Educ. Testing Serv. v. Katzman*, 631 F. Supp. 550, 558 n.10 (D.N.J. 1986).   Nor does lumping a group of individuals together suffice to establish personal jurisdiction over any one of them.

However, even if Plaintiffs had a reasonable basis to allege that Defendants Wister and Koopersmith had personally sold products in New Jersey, or personally received insurance reimbursement from New Jersey insurance companies, or personally caused Plaintiffs to make payments from New Jersey, and had properly pleaded the allegations as such, the Court would still lack personal jurisdiction over the External Director Defendants as a matter of law because such conduct would have been in their official capacities as directors of Alliance.   *See Roche Diagnostics Corp. v. Binson's Hosp. Supplies, Inc.*, No. 1:17-CV-00949, 2017 WL 4123050, *7 (S.D. Ind. Sept. 18, 2017).   In *Roche*, the Indiana-based plaintiff alleged that two individual defendants directly deceived it in contract negotiations and directly participated in the purported scheme to divert Roche's diabetic testing strips.   Nonetheless, the Southern District of Indiana determined that it lacked personal jurisdiction over the non-resident individuals because all of their purported contacts with the state of Indiana were undertaken in their official capacity as employees of the corporate defendant.   "Roche fails to make any allegations that clearly allege any wrongful conduct by [the individual defendants] in their personal capacities. As such, Roche has not made a prima facie showing that this Court has personal jurisdiction over any of the [individual defendants]."   *Id. See also Victory Int'l (USA) Inc. v. Perry Ellis Int'l, Inc.*, No. CIV.A. 07-0375WHW, 2008 WL 65177, at *8 (D.N.J. Jan. 2, 2008*)* (rejecting attempt to "bootstrap jurisdiction" over an individual defendant based upon the actions of the corporation).

7290781

The Amended Complaint is bereft of any allegation that either Wistner or Koopersmith individually had any contacts with New Jersey relating to the subject matter of this case. It is insufficient as a matter of law to allege the existence of personal jurisdiction over Wistner or Koopersmith by simply conflating them with Alliance or by grouping them with employee defendants. Rather, an individualized analysis must be undertaken to determine whether the Court may exercise specific jurisdiction over each respective defendant. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) (*citing Rush*, 444 U.S. at 332). Accordingly, the Amended Complaint must be dismissed as to the External Director Defendants for lack of personal jurisdiction.

## II.     VENUE IS IMPROPER UNDER FED. R. CIV. P. 12(B)(3)

The External Director Defendants incorporate and join in full the legal grounds and arguments challenging venue in this case as improper.  (*See* Dkts. 61 and 72). In addition, it would be tremendously unfair to allow the matter to proceed in the District of New Jersey against Wistner or Koopersmith as both are non-residents.  In fact, Wistner resides in Utah, over 2,000 miles away, and Koopersmith resides in Illinois, over 800 miles away from New Jersey. The only connection the External Director Defendants are alleged to have to this venue is that they were members of the board of directors of a Utah based Delaware corporation that owned subsidiary corporations that may have made sales into and/or received payments from New Jersey. (*See* Amended Complaint at ¶¶ 20, 21 and 26).  Accordingly, venue is improper in this case.

## III.    THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6)

All four counts asserted in the Amended Complaint must be dismissed for failure to state a claim upon which relief may be granted.  The External Director Defendants incorporate and

7290781

join in full the legal grounds and arguments challenging the sufficiency of Plaintiffs' substantive claims for relief under Federal Rule of Civil Procedure 12(b)(6) and 9(b).  (*See* Dkts. 61 and 72).

Plaintiffs allege three fraud related causes of action in Count One—common law fraud, aiding and abetting fraud, and conspiracy to commit fraud—but fail to plead such claims with the requisite level of particularity under Fed. R. Civ. P. 9(b). Plaintiffs simply allege that all defendants generally (1) "sold, aided and abetted the sale of, and conspired to sell LifeScan products in the state of New Jersey as part of an illegal scheme whereby they fraudulently obtained improper insurance reimbursements for the New Jersey sales"; (2) "received insurance reimbursements from insurance companies located in the state of New Jersey"; and (3) "fraudulently and knowingly caused JJHCS to make payments from New Jersey." (Amended Compl. at ¶ 26).  However, "[w]hen multiple defendants are involved the complaint must plead with particularity by specifying the allegations of fraud applying to each defendant." *Zodda v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. CIV. 13-7738 FSH, 2015 WL 926221, at *9 (D.N.J. Mar. 4, 2015)).  The Amended Complaint fails to identify any particular fraudulent statement made by either of the External Director Defendants, to whom the statement was made, what precisely was stated or when such statement was made.  Such failure is fatal.  *See Arlandson v. Hartz Mt. Corp.*, 792 F. Supp. 2d 691, 710 (D.N.J. 2011) ("Collectivized allegations that generally allege fraud as against multiple defendants, without informing each defendant as to the specific fraudulent acts he or she is alleged to have committed do not satisfy Rule 9(b)"); *Naporano Iron & Metal Co. v. Am. Crane Corp.*, 79 F. Supp. 2d 494, 511 (D.N.J. 1999) (rejecting ambiguous attribution of fraud generally to "defendants").

With respect to Count Two, alleging unjust enrichment, the External Director Defendants maintained an even more attenuated relationship with Plaintiffs than that of the Alliance

8

7290781

employees, none of whom are alleged to have maintained a "direct relationship" with Plaintiffs sufficient to state a claim for unjust enrichment. (*See* Dkt. 61 at 30-32.) As further amendment to the complaint could not cure this defect, Count Two must be dismissed with prejudice. *See, e.g., Hoffman v. Liquid Health Inc.*, No. CIV. 14-01838 SRC, 2014 WL 2999280, at *11 (D.N.J. July 2, 2014) (dismissing unjust enrichment claim with prejudice for failure to allege a direct relationship); *Hemy v. Perdue Farms, Inc.*, No. CIV.A. 11-888 FLW, 2011 WL 6002463, at *23 (D.N.J. Nov. 30, 2011) (same).

With respect to Count Three, alleging negligent misrepresentation, Plaintiffs have failed to meet the heightened pleading standard of Rule 9(b) as explained above, and have failed to allege that the External Director Defendants owed Plaintiffs a duty of care, as required by *Kronfeld v. First Jersey Nat. Bank*, 638 F. Supp. 1454, 1465 (D.N.J. 1986), or that there exists a "special relationship" between the External Director Defendants and Plaintiffs such that would justify the imposition of liability for negligent misrepresentation. *See People Express Airlines v. Consol. Rail Corp.*, 495 A.2d 107, 112 (N.J. 1985).

With respect to Count Four, alleging tortious interference with prospective business relations, Plaintiffs have not alleged any specific business relationship or economic advantage that was lost through purported conduct of the External Director Defendants, much less knowing and intentional conduct of such defendants. Therefore, Plaintiffs fail to state a claim for which relief may be granted and Count Four must be dismissed.

7290781

## CONCLUSION

Based on the foregoing, and for the reasons set forth in the Moving Co-Defendants' papers (Dkts. 61 and 72), which the External Director Defendants join and incorporate in full, the External Director Defendants respectfully submit that their Motion should be granted because Plaintiffs have failed to allege sufficient facts to establish the existence of personal jurisdiction over them, because venue in the District of New Jersey is improper, and because the Amended Complaint fails to state a claim for relief under Rule 12(b)(6).

CHIESA SHAHINIAN & GIANTOMASI PC

By:    /s Jeffrey S. Chiesa
      Jeffrey S. Chiesa
      One Boland Drive
      West Orange, NJ 07052
      Telephone:  (973) 325-1500
      E-mail:  jchiesa@csglaw.com
      *Attorneys for Defendants*
      *Alison Wistner and Adam Koopersmith*

Dated:  February 5, 2018

10

7290781