## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIFESCAN INC., and JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC., | Civil Action No. 2:17-CV-05552-CCC-CLW |
| Plaintiffs, | |
| vs. | *Filed Electronically* |
| JEFFREY C. SMITH, GEOFFREY S. SWINDLE, STEVEN L. HADLOCK, SAHILY PAOLINE, DAVID GRANT, JUSTIN LEAVITT, BLAINE SMITH, ALISON WISTNER, ADAM KOOPERSMITH, and ZB, N.A., | |
| Defendants. | **Return Date: March 5, 2018** |

**BRIEF IN SUPPORT OF DEFENDANT GEOFFREY S. SWINDLE'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(2), FED. R. CIV. P. 12(B)(3), AND FED. R. CIV. P. 12(B)(6).**

**Buchanan Ingersoll & Rooney P.C.**
700 Alexander Park, Suite 300
Princeton, New Jersey 08540-6347
609-987-6800
Attorneys for Defendant Geoffrey S. Swindle

*Of Counsel and On the Brief*:
Mary Sue Henifin
Lauren Adornetto Woods

## TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………………………..ii

PRELIMINARY STATEMENT ................................................................ 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ................. 3

LEGAL ARGUMENT ............................................................................. 3

    POINT I ............................................................................................ 4

    DISMISSAL OF THE AMENDED COMPLAINT PURSUANT TO FED.
        R. CIV. P. 12(b)(2) IS WARRANTED BECAUSE THERE IS NO
        BASIS FOR PERSONAL JURISDICTION AGAINST SWINDLE. ........... 4

    POINT II ........................................................................................... 6

    THE AMENDED COMPLAINT MUST BE DISMISSED PURSUANT TO
        FED. R. CIV. P. 12(b)(3) BECAUSE THE DISTRICT OF NEW
        JERSEY IS NOT A PROPER VENUE. ................................................ 6

    POINT III .......................................................................................... 7

    THE AMENDED COMPLAINT MUST BE DISMISSED WITH
        PREJUDICE AS TO SWINDLE PURSUANT TO FED. R. CIV. P.
        12(b)(6) AS IT FAILS TO STATE A SINGLE CLAIM UPON
        WHICH RELIEF MAY BE GRANTED. .............................................. 7

CONCLUSION ...................................................................................... 9

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Barr Labs., Inc. v. Bolar Pharm. Co.*,
 No. 91-4374, 1992 U.S. Dist. LEXIS 22882 (D.N.J. Dec. 23, 1992).....................................10

*Database Amer., Inc. v. Bellsouth Advertising & Pub. Corp.*,
 825 F. Supp. 1195 (D.N.J. 1993) ................................................................................5

*Eberhart v. LG Elecs. USA, Inc.*,
 188 F. Supp. 3d 401 (D.N.J. 2016) ............................................................................10

*Friedfertig Family P'ship 2 v. Lofberg,* No. 13-1546 (JLL)(CLW), 2013 BL
 414020 (D.N.J. Oct. 24, 2013) ...................................................................................5

*Hemy v. Perdue Farms, Inc.*,
 2011 U.S. Dist. LEXIS 137923 (D.N.J. Nov. 30, 2011)..............................................9

*Hoffman v. Liquid Health, Inc.*,
 2014 U.S. Dist. LEXIS 90075 (D.N.J. July 2, 2014)..................................................9

*Keeton v. Hustler Magazine, Inc.*,
 465 U.S. 770 (1984)....................................................................................................6

*Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros., Inc.*,
 983 F.2d 551 (3d Cir. 1992)........................................................................................5

*Moran v. Biolitec, Inc.*,
 2017 BL 410901 (N.J. App. Div. Nov. 14, 2017) ......................................................6

*People Express Airlines v. Consol. Rail Corp.*,
 495 A.2d 107 (N.J. 1985), 495 A.2d 107 (N.J. 1985)...............................................10

*Roche Diagnostics Corp. v. Bindson's Hosp. Supplies, Inc.*,
 2017 WL 4123050 (S.D. Ind. Sept. 18, 2017) ...........................................................6

*Solk v. Buffalo Acad. of Sci.,* No. 08-1653 (JLL)(CCC), 2009 BL 381748 (D.N.J.
 Aug. 28, 2009) ............................................................................................................5

*Zelma v. Burke,* No. 2:16-02559-CCC-MF, 2017 BL 2234, at *3-4 (D.N.J. Jan.
 04, 2017) .....................................................................................................................5

**Statutes**

28 U.S.C. § 1391(b)....................................................................................................7, 8

**Other Authorities**

FED. R. CIV. P. 12(b)(2)...........................................................................................................6, 11

FED. R. CIV. P. 12(b)(3)......................................................................................................7, 8, 11

FED. R. CIV. P. 12(b)(6)....................................................................................................9, 10, 11

N.J.Ct. R. 4:4-4 .......................................................................................................................5

## PRELIMINARY STATEMENT

Defendant Geoffrey S. Swindle ("Swindle"), a resident of Utah, was Chief Strategy Officer of Alliance Medical Holdings, LLC[1] ("Alliance"), from 2014 until his departure in 2015. Two years later, in 2017, Alliance filed for relief under Chapter 11 of the United States Bankruptcy Code.   In filing a First Amended Complaint ("Amended Complaint") against Swindle and other current and former officers and directors of Alliance, instead of against Alliance itself, Plaintiffs seek to recover from individuals for the alleged wrongdoings of a bankrupt corporate entity.   Swindle now moves the Court for dismissal of all claims brought in the Amended Complaint, pursuant to Federal Rules of Civil Procedures 12(b)(2), 12(b)(3), and 12(b)(6).

Swindle joins and incorporates the arguments set forth in the Motion to Dismiss filed by Defendants Jeffrey C. Smith, Steven L. Hadlock, Sahily Paoline, David Grant and Blaine Smith, as well as in the Motion to Dismiss filed by Defendant Justin Leavitt and the Motion to Dismiss filed by Defendants Alison Wistner and Adam Koopersmith (collectively referred to as "Defendants' Motions to Dismiss").   Plaintiffs' factual allegations against Swindle are distinguishable from the allegations against the other defendants, because, in addition to alleging no connections between Swindle and New Jersey, Plaintiff acknowledges in the Amended Complaint that Swindle was separated from and left Alliance in October 2015, subject to a strict confidentiality agreement.   The legal claims raised against Swindle are the same as to the other Defendants with the notable exception being that the Amended Complaint specifically excludes Swindle from the fraud cause of action.[2]

---

[1] Swindle founded Alliance Health Networks, Inc, a vendor of diabetic customer leads.   (DE 41, ¶¶ 54-55.)  Plaintiffs conflate the historic Alliance entities in this matter, inaccurately referring to them as all as "Alliance" thereby giving the wrongful impression that Alliance Medical Holdings, LLC is the same company that Swindle founded.

[2] While the Amended Complaint excludes Swindle from the fraud count, the original complaint filed with the Court included a fraud claim against Swindle.   (DE 1.)  Plaintiffs, having realized

Despite alleging Swindle's separation from Alliance in 2015, a review of the Amended Complaint makes clear that Plaintiffs simply substituted all defendants' names, including Swindle's, for that of Alliance.  Indeed, for the purpose of establishing jurisdiction or proper venue, the Amended Complaint does not pertain in any way to Swindle as an individual – there are absolutely no allegations of any contacts with New Jersey made by Swindle himself.  The Amended Complaint must be dismissed because it fails to establish personal jurisdiction or proper venue, and also fails to set forth a plausible basis for relief against Swindle for unjust enrichment, negligent misrepresentation, or tortious interference with prospective business relations.

---

that they could not maintain such a claim against Swindle, excluded Swindle from the Fraud Count in the Amended Complaint.  Despite this distinction, Plaintiffs continue to refer to the fraud allegations as if they apply to all Defendants, not noting the distinction as to Swindle, e.g. DE 41, ¶ 81, and most recently in the Letter of Peter C. Harvey, Esquire.  (DE 81.)

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

For the sake of brevity, Swindle hereby incorporates the Statement of Facts and Procedural History set forth in Defendants' Motions to Dismiss. (*See* DE 61-1, p. 22-29; 72-1, p. 5-7; and 87, p. 7-8.) Swindle, along with many of the other individual defendants named in the Amended Complaint, is a Utah resident. (DE 41, ¶ 14.) Without any other detail as to the actions taken by Swindle himself, and without describing where such actions were taken, Plaintiffs lump Swindle and all other defendants together, alleging that jurisdiction and venue are proper because "they committed the torts alleged herein in New Jersey." (*Id.* at ¶ 26.) In so doing, not only do Plaintiffs fail to specify any torts that Swindle himself allegedly committed in New Jersey, but they also fail to recognize that Swindle was severed from Alliance in 2015 and is excluded from Plaintiffs' fraud count.

The only other allegations in Amended Complaint that specifically relate to Swindle also make no reference to New Jersey. The Amended Complaint alleges that Swindle reported the fraudulent activities to Defendants David Grant (General Counsel of Alliance), Alison Witsner (an Alliance board member), and Adam Koopersmith (an Alliance board member), prior to leaving Alliance in October 2015. (*Id.* at ¶¶ 85, 87-89.) None of these activities are alleged to have any nexus to New Jersey. (*Id.*) While certain New Jersey pharmacies are mentioned in the allegations concerning Z.B., N.A. ("Zions Bank") (and appear as alleged to be related to credit agreements between Zion Bank and Alliance, and not any of the individual defendants) – all of these events allegedly occurred <u>after</u> 2015 – and therefore <u>after</u> Plaintiffs (correctly) allege that Swindle left Alliance. (*Id.* at ¶¶ 29-33, 89.) Thus, apart from his actions in reporting the alleged fraud to other individual defendants (who were residents of Utah and Illinois and employed by Alliance, a corporation organized under the laws of Delaware with a principal place of business in Utah), the Amended Complaint is devoid of any allegations whatsoever related to Swindle's conduct in New Jersey or otherwise.

3

**LEGAL ARGUMENT**

## POINT I

**DISMISSAL OF THE AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) IS WARRANTED BECAUSE THERE IS NO BASIS FOR PERSONAL JURISDICTION AGAINST SWINDLE.**

Swindle specifically incorporates the arguments set forth in Defendants' Motions to Dismiss as they relate to personal jurisdiction. (*See* DE 61-1, p. 17-24; 72-1, p. 7-10; 87, p. 9-11.) Plaintiffs have failed to make any allegation as to general or specific contacts between Swindle (a Utah resident who, until 2015, worked for Alliance, which has a principal place of business in Utah) and New Jersey that would allow a New Jersey court to have jurisdiction over Swindle.

In accordance with New Jersey's long-arm statute, personal jurisdiction over Swindle could be established in two ways: (1) general jurisdiction or (2) specific jurisdiction, but Plaintiffs have done neither. Indeed, the Amended Complaint does not allege that Swindle, unrelated to the subject matter of the lawsuit, "engaged in 'continuous and systemic' contacts with the forum state" to establish general jurisdiction. *See* N.J.Ct. R. 4:4-4; *see also Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros., Inc.,* 983 F.2d 551, 554 (3d Cir. 1992); *see also Database Amer., Inc. v. Bellsouth Advertising & Pub. Corp.,* 825 F. Supp. 1195, 1209 (D.N.J. 1993).

To give rise to specific jurisdiction, Plaintiffs would have to plead that "the cause of action arose specifically from [Swindle's] particular activities within the forum state." *Id.* By including one paragraph which merely lumps all of the individual defendants together and claims that they collectively "committed the torts alleged herein in New Jersey," the Amended Complaint is not sufficiently specific as to the actions allegedly taken by Swindle, whose contacts with New Jersey must be evaluated individually. (*Id.* at ¶ 26.); *see also Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 781 n. 13 (1984); *see also Moran v. Biolitec, Inc.,* 2017

4

BL 410901 (N.J. App. Div. Nov. 14, 2017) (holding that an individual's role as an original member of the board of a corporation was an insufficient basis for personal jurisdiction and dismissing for lack of personal jurisdiction where the corporation and individual board member did not reside in New Jersey and without any contention that the alleged schemes giving rise to the complaint took place in New Jersey); *see also Roche Diagnostics Corp. v. Bindson's Hosp. Supplies, Inc.,* 2017 WL 4123050 (S.D. Ind. Sept. 18, 2017) (in a case with nearly identical pleadings, personal jurisdiction could not be established against individuals merely by virtue of their corporate affiliation).   Put simply, Swindle cannot be conflated with Alliance for the purpose of establishing personal jurisdiction in New Jersey – the Amended Complaint must plead that *Swindle's* actions give rise to personal jurisdiction in New Jersey, and it does not so.[3]   As such, the Amended Complaint must be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2).

---

[3] This Court has previously found that it did not have personal jurisdiction over defendants in cases where the pleadings were similarly deficient.  *See, e.g., Zelma v. Burke,* No. 2:16-02559-CCC-MF*,* 2017 BL 2234, at \*3-4 (D.N.J. Jan. 04, 2017) (granting motion to dismiss for lack of personal jurisdiction as to individual defendants where the complaint only contained two speculative allegations as to the activities of the individual defendants, and the plaintiffs failed to submit affidavits, sworn declarations, or certifications to support their argument); *see also Solk v. Buffalo Acad. of Sci.,* No. 08-1653 (JLL)(CCC), 2009 BL 381748 (D.N.J. Aug. 28, 2009) (plaintiff failed to show that the defendant purposefully availed itself of the forum of New Jersey); *see also Friedfertig Family P'ship 2 v. Lofberg,* No. 13-1546 (JLL)(CLW), 2013 BL 414020 (D.N.J. Oct. 24, 2013).

## POINT II

### THE AMENDED COMPLAINT MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(3) BECAUSE THE DISTRICT OF NEW JERSEY IS NOT A PROPER VENUE.

Swindle specifically incorporates the arguments set forth in Defendants' Motions to Dismiss as they relate to improper venue.  (*See* DE 61-1, p. 25-29; 72-1, p. 10; 87, p. 11.) Without any particular detail as to what actual actions were taken in New Jersey, Plaintiffs claim that venue is proper because a substantial part of events occurred in New Jersey, when no such events are identified whatsoever.  In doing so, Plaintiffs have not satisfied their burden under Rule 12(b)(3).

Pursuant to 28 U.S.C. § 1391(b), the statute governing venue in diversity cases, proper venue can be established in three ways:  "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Here, Swindle is a Utah resident, and therefore proper venue cannot be established in New Jersey under § 1391(b)(1).  The Amended Complaint fails to allege in any way whatsoever how "a substantial part of the events or omissions giving rise to the claim" actually occurred in New Jersey, and so proper venue cannot be established under § 1391(b)(2).  Finally, as set forth above and in Defendants' Motions to Dismiss, Plaintiffs fail to properly plead that any of the defendants, including Swindle, are subject to personal jurisdiction in New Jersey, thereby failing to establish proper venue under § 1391(b)(3).  For these reasons, venue is improper and Plaintiffs' Amended Complaint should be dismissed pursuant to Rule 12(b)(3).

## POINT III

### THE AMENDED COMPLAINT MUST BE DISMISSED WITH PREJUDICE AS TO SWINDLE PURSUANT TO FED. R. CIV. P. 12(b)(6) AS IT FAILS TO STATE A SINGLE CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Swindle specifically incorporates the arguments set forth in Defendants' Motions to Dismiss as they relate to Rule 12(b)(6), with the exception of the fraud arguments, which are inapplicable because Plaintiffs do not allege fraud by Swindle. (*See* DE 61-1, p. 30-48; 72-1, p. 10-12; and 87, p. 11-13.)   The Amended Complaint Asserts three causes of action against Swindle:   unjust enrichment (Count Two), negligent misrepresentation (Count Three), and tortious interference with prospective business relation (Count Four). (DE, ¶¶ 126–141.) As to each cause of action, and by their very averments as to Swindle, and the circumstances as to his separation from Alliance in 2015, Plaintiffs fail to state a claim upon which relief may be granted, and as such dismissal is appropriate in accordance with Rule 12(b)(6).

With respect to unjust enrichment (Count Two), there is no direct relationship between Swindle, an individual former Alliance employee being sued in his personal capacity, and Plaintiffs (in fact, there is not even direct relationship between Plaintiffs and Alliance), and as such Plaintiffs cannot state a claim for unjust enrichment against Swindle. *See, e.g.*, *Hoffman v. Liquid Health, Inc.,* 2014 U.S. Dist. LEXIS 90075, at *33 (D.N.J. July 2, 2014) ("Plaintiff does not establish a direct relationship with [Defendant] because Plaintiff does not allege whether he purchased the product directly from [Defendant] or from a third-party seller"); *see also Hemy v. Perdue Farms, Inc.*, 2011 U.S. Dist. LEXIS 137923, at *66-70 (D.N.J. Nov. 30, 2011).

With respect to negligent misrepresentation (Count Three), Plaintiffs have failed to particularly plead that Swindle, as an individual formerly employed by Alliance until his separation in 2015, owed a duty of care to Plaintiffs by virtue of a "special relationship" and have not pled that Swindle had an independent duty to disclose for the purpose of pleading any negligent misrepresentation by omission. *People Express Airlines v. Consol. Rail Corp.,* 495 A.2d 107, 112 (N.J. 1985), 495 A.2d 107, 112 (N.J. 1985); *Eberhart v. LG Elecs. USA, Inc.,* 188

F. Supp. 3d 401, 410 (D.N.J. 2016).   Instead, Plaintiffs merely lump all of the individual defendants together, referring to their collective actions and attempting to hold employees responsible for the actions of a corporation, thereby failing to satisfy pleading requirements under both Rule 8(a) and Rule 9(b).

As to tortious interference (Count Four), Plaintiffs have not adequately established any lost business relationship or economic advantage or pled how Swindle interfered with such a relationship, intentionally or otherwise, and as such dismissal is appropriate.   *See Barr Labs., Inc. v. Bolar Pharm. Co.*, No. 91-4374, 1992 U.S. Dist. LEXIS 22882, at *7 (D.N.J. Dec. 23, 1992).

For these reasons, and for the reasons set forth in Defendants' Motions to Dismiss, Plaintiffs' Amended Complaint should be dismissed as to Swindle pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

8

**<u>CONCLUSION</u>**

For the reasons set forth herein, this Court must dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and/or pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue.  Alternatively, this Court must dismiss the Amended Complaint as to Swindle with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.


BY:     <u>s/ Mary Sue Henifin</u>
Mary Sue Henifin, Esq.
Lauren Adornetto Woods, Esq.
Buchanan Ingersoll & Rooney P.C.
700 Alexander Park, Suite 300
Princeton, New Jersey 08540-6347
609-987-6800
Attorneys for Defendant
 Geoffrey S. Swindle


DATE:     February 9, 2018

9