# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIFESCAN INC., and JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC., | Civil Action No. 2:17-CV-05552-CCC-CLW |
| Plaintiffs, | |
| vs. | *Filed Electronically* |
| JEFFREY C. SMITH, GEOFFREY S. SWINDLE, STEVEN L. HADLOCK, SAHILY PAOLINE, DAVID GRANT, JUSTIN LEAVITT, BLAINE SMITH, ALISON WISTNER, ADAM KOOPERSMITH & ZB, N.A., | |
| Defendants. | |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(2), FED. R. CIV. P. 12(B)(3), AND FED. R. CIV. P. 12(B)(6)

*Jonathan P. McHenry*
*Leo J. Hurley, Jr.*
*Jeffrey P. Mongiello*
*Connell Foley LLP*
*Harborside 5*
*185 Hudson Street, Suite 2510*
*Jersey City, NJ 07311*
*201.521.1000*
*201.521.0100*
*Attorneys for Defendants, JEFFREY C. SMITH, STEVEN L. HADLOCK, SAHILY PAOLINE, DAVID GRANT, & BLAINE SMITH*

*Of Counsel and On the Brief*:
Jonathan McHenry
Leo J. Hurley, Jr.
*On the Brief:*
Jeffrey P. Mongiello

# TABLE OF CONTENTS

LEGAL ARGUMENT ........................................................................................ 1

POINT I ......................................................................................................... 1

   THE AMENDED COMPLAINT MUST BE DISMISSED
   BECAUSE THE DISTRICT OF NEW JERSEY IS NOT A
   PROPER VENUE.

     A.  Plaintiffs have failed to meaningfully address Defendants'
        Fed. R. Civ. P. 12(b)(3) motion to dismiss for improper
        venue.......................................................................................1

     B.  Plaintiffs have failed to establish that a substantial part of
        events giving rise to the alleged fraud occurred within the
        District of New Jersey. ..........................................................2

POINT II ......................................................................................................... 5

   THE INDIVIDUAL DEFENDANTS ARE NOT SUBJECT TO
   PERSONAL JURISDICTION IN NEW JERSEY.

POINT III ....................................................................................................... 10

   PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON
   WHICH RELIEF MAY BE GRANTED.              10

     A.  Fraud..................................................................................10

     B.  Unjust Enrichment..............................................................12

     C.  Negligent Misrepresentation ..............................................14

     D.  Tortious Interference ..........................................................15

CONCLUSION ............................................................................................... 15

i

# TABLE OF AUTHORITIES

*Cases*

C.O. Truxton, Inc. v. Blue Caribe, Inc., No. 14-4231, 2014 U.S. Dist. LEXIS 168457 (D.N.J. Dec. 5, 2014) ........................................4

E.E. Cruz & Co. v. Alufab, Inc., No. 06-262, 2006 U.S. Dist. LEXIS 29706 (D.N.J. May 16, 2006) ....................................................3

Equiom (Isle of Man) Ltd v. Jacobs, No. 16-4362, 2017 U.S. Dist. LEXIS 211083 (D.N.J. Dec. 22, 2017) ......................................13

Gray v. BMW of N. Am., LLC, No. 13-cv-3417, 2014 U.S. Dist. LEXIS 133337 (D.N.J. Sep. 23, 2014)........................................11

Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353 (2d Cir. 2005)....................................3

Howmedica Osteonics Corp. v. DJO Glob., No. 16-2330, 2017 U.S. Dist. LEXIS 43943 (D.N.J. Mar. 27, 2017) ...................................1

J.F. Lomma, Inc. v. Stevenson Crane Servs., No. 10-3496, 2011 U.S. Dist. LEXIS 10998 (D.N.J. Feb. 3, 2011).....................................2

Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995).......................................2

Kaufman v. i-Stat Corp., 754 A.2d 1188 (N.J. 2000)...............................................14

Knierim v. Siemens, No. 06-4935, 2008 U.S. Dist. LEXIS 26571 (D.N.J. Mar. 31, 2008) ............................................................10

Lasala v. Marfin Popular Bank, 410 F. App'x 474 (3d Cir. 2011)..................................................................................................6

Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153 (3d Cir. 1991)............................................................................................................15

Lum v. Bank of Am., 361 F.3d 217 (3d Cir. 2004) .................................................14

Markferding v. Westmoreland Cnty. (Pa.) Domestic Rels. Office, No. 05-755, 2005 U.S. Dist. LEXIS 34216 (D.N.J. June 17, 2005)................................................................................................9

Mass. Sch. of Law v. ABA, 107 F.3d 1026 (3d Cir. 1997) .....................................10

Moran v. Biolitec Inc., No. A-3701-14T3, 2017 N.J. Super. Unpub. LEXIS 2833 (N.J. Super. Ct. App. Div. Nov. 14, 2017).................................................................................................6

Noble v. Samsung Elecs. Am., No. 15-3713, 2018 U.S. Dist. LEXIS 21545 (D.N.J. Feb. 8, 2018)......................................................12

PNY Techs. v. Salhi, No. 12-cv-4916, 2018 U.S. Dist. LEXIS 32320 (D.N.J. Feb. 28, 2018) ................................................13

Prudential Ins. Co. of Am. v. Credit Suisse Sec. LLC, No. 12-7242, 2013 U.S. Dist. LEXIS 142191 (D.N.J. Sep. 30, 2013)............................11

Ramada Worldwide, Inc. v. Grand Rios Invs., No. 13-3878, 2013 U.S. Dist. LEXIS 152140 (D.N.J. Oct. 23, 2013).........................................2

Rickerson v. Pinnacle Foods Inc., No. 17-cv-4469, 2018 U.S. Dist. LEXIS 59810 (D.N.J. Apr. 9, 2018).............................................13

Roche Diagnostics Corp. v. Binson's Hosp. Supplies, No. 17-949, 2017 U.S. Dist. LEXIS 150853 (S.D. Ind. Sep. 18, 2017)...........................5

Roll v. Singh, No. 07-4136, 2008 U.S. Dist. LEXIS 50125 (D.N.J. June 26, 2008).........................................................14

Rothstein v. Harstad, No. 10-01421, 2010 U.S. Dist. LEXIS 84251 (D.N.J. Aug. 17, 2010) ...............................................3

Stewart v. Beam Glob. Spirits & Wine, Inc., 877 F. Supp. 2d 192 (D.N.J. 2012) ........................................................ 13, 14

T.J. McDermott Transp. Co. v. Cummins, Inc., No. 14-04209, 2015 U.S. Dist. LEXIS 29678 (D.N.J. Mar. 11, 2015).........................................12

Warehouse Sols. v. Integrated Logistics, No. 09-5771, 2011 U.S. Dist. LEXIS 66651 (D.N.J. May 19, 2011) .....................................1

Weske v. Samsung Elecs., Am., Inc., 42 F. Supp. 3d 599 (D.N.J. 2014).........................................................12

Wolstenholme v. Bartels, 511 F. App'x 215 (3d Cir. 2013) .....................................7

iii

## *Statutes*

28 U.S.C § 1391(b)(2)............................................................................2

28 U.S.C. § 1391.................................................................................1

28 U.S.C. § 1404(a) ..................................................................... 1, 2, 5

28 U.S.C. § 1406(a) ...........................................................................2, 4

## *Rules*

Fed. R. Civ. P. 12(b)(3)......................................................................1

Fed. R. Civ. P. 9(b) ..................................................................... 10, 11

# LEGAL ARGUMENT

## POINT I

## THE AMENDED COMPLAINT MUST BE DISMISSED BECAUSE THE DISTRICT OF NEW JERSEY IS NOT A PROPER VENUE.[1]

**A.   Plaintiffs have failed to meaningfully address Defendants' Fed. R. Civ. P. 12(b)(3) motion to dismiss for improper venue.**

Plaintiffs[2] implicitly concede that the District of New Jersey is not a proper venue.  Defendants[3] moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(3), arguing that venue was improper because none of the requirements of 28 U.S.C. § 1391 are satisfied.  Plaintiffs do not meaningfully contest Defendants' argument that venue is not proper and that the case should be dismissed.

Instead, Plaintiffs argue that Defendants have not met their burden for discretionary transfer under 28 U.S.C. § 1404(a).  (See Dkt. 111 at 46-50 (relying on discretionary transfer cases)).  But Defendants have not made any such motion. Plaintiffs "seem to conflate Fed. R. Civ. P. 12(b)(3), which provides for a motion to dismiss for improper venue, and 28 U.S.C. § 1404(a), which governs a motion

---

[1] This Court may dismiss the suit on venue grounds, without first addressing the question of personal jurisdiction, in "the interests of judicial economy."   See Howmedica Osteonics Corp. v. DJO Glob., No. 16-2330, 2017 U.S. Dist. LEXIS 43943, at *6 (D.N.J. Mar. 27, 2017); Warehouse Sols. v. Integrated Logistics, No. 09-5771, 2011 U.S. Dist. LEXIS 66651, at *4-5 (D.N.J. May 19, 2011).

[2] LifeScan, Inc. and Johnson & Johnson Health Care Systems, Inc.

[3] Jeffrey Smith, Steven Hadlock, Sahily Paoline, David Grant, and Blaine Smith (also, "the individual Defendants")

for change of venue." See Ramada Worldwide, Inc. v. Grand Rios Invs., No. 13-3878, 2013 U.S. Dist. LEXIS 152140, at *1-2 n.1 (D.N.J. Oct. 23, 2013).

Defendants moved for mandatory dismissal based on improper venue, 28 U.S.C. § 1406, which has a distinct burden than the one a party must meet for discretionary transfer, 28 U.S.C. § 1404. If venue is not proper, the court must take action—a court has no discretion to allow a case to proceed in an improper venue. By contrast, a motion to transfer presupposes that the original venue is proper and presents a question on whether to change venue based on the interests of justice. Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995).

A motion to dismiss for improper venue may be treated as "unopposed" when the plaintiff fails to address the propriety of the venue. See J.F. Lomma, Inc. v. Stevenson Crane Servs., No. 10-3496, 2011 U.S. Dist. LEXIS 10998, at *8 (D.N.J. Feb. 3, 2011). Plaintiffs are sophisticated parties—subsidiaries of a multi-national corporation—and the Court should view their failure to oppose the motion to dismiss as an admission that venue is not proper in the District of New Jersey.

**B.    Plaintiffs have failed to establish that a substantial part of events giving rise to the alleged fraud occurred within the District of New Jersey.**

Plaintiffs have utterly failed to meet their burden of demonstrating that "a substantial part of the events or omissions giving rise" to Alliance's purported fraud occurred in the District of New Jersey. See 28 U.S.C § 1391(b)(2). Indeed, Plaintiffs have made no attempt to do so in their Amended Complaint and brief.

2

In assessing whether venue is proper under § 1391(b)(2), a court "should review the entire sequence of events underlying the claim." Rothstein v. Harstad, No. 10-01421, 2010 U.S. Dist. LEXIS 84251, at *9 (D.N.J. Aug. 17, 2010) (quotation omitted). A "substantial part of events" is not the same as minimum contacts for personal jurisdiction. Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 357 (2d Cir. 2005). "To determine where a substantial part of the claim arose, a court should evaluate the location of the events and omissions that give rise to the claim, not a defendant's contacts with a particular district." E.E. Cruz & Co. v. Alufab, Inc., No. 06-262, 2006 U.S. Dist. LEXIS 29706, at *16 (D.N.J. May 16, 2006).

A review of "the entire sequence of events" that Plaintiffs allege gave rise to this suit demonstrates that venue is not proper. In light of the overall fraud asserted by Plaintiffs, a substantial part of events did not occur in New Jersey. By Plaintiffs' own assertion, "the Defendants' fraud was truly national in scope, carried out through pharmacies in Arizona, Iowa, Michigan, Mississippi, Missouri, Nebraska, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Texas and Utah." (Dkt. 111 at 48) (emphasis added). Plaintiffs, however, have failed to demonstrate that the nexus of this "truly national" scheme was in New Jersey.

Peterson Pharmacy ("Peterson") was one of 128 entities that Plaintiffs assert were part of the "large network of companies [Alliance] used to defraud LifeScan." (Dkt. 41, ¶ 51.) Finding a substantial part of the events occurred in New Jersey

3

solely because of Peterson would simply ignore Plaintiffs' allegations that Alliance's purported fraud involved more than 100 <u>other</u> entities nationwide. Indeed, it also ignores that Dow Jones testified that he alone owned Peterson— Alliance had no ownership interest in Peterson.  (Dkt. 111-4, 39:6–9.)

For venue to be proper, a substantial part of the events must have occurred in New Jersey and not merely touch upon New Jersey.  Yet Masum Amin's deposition testimony indicates that any direction from Alliance to Peterson occurred from outside of the state, and not from within New Jersey.  She testified that the "central" location for Alliance's business was not in New Jersey.  (Dkt. 111-3, 33:15–34:11; 45:4–6.)   She stated that the call center responsible for providing customer service was in Utah.  (<u>Id.</u>, 46:6–10.)  She also indicated that an individual in Utah managed the inventory of the products that Plaintiffs allege are at the center of this lawsuit.  (<u>Id.</u>, 72:12–23.)  Without an assertion of a fraudulent statement or misrepresentation made by a Defendant <u>in</u> New Jersey, venue is not proper in the District of New Jersey.  <u>See</u> <u>C.O. Truxton, Inc. v. Blue Caribe, Inc.</u>, No. 14-4231, 2014 U.S. Dist. LEXIS 168457, at *16 (D.N.J. Dec. 5, 2014).

When venue is improper, the Court "shall dismiss" the matter, or "if it be in the interest of justice," transfer the matter to a venue in which the litigation may have been brought.  28 U.S.C. § 1406(a).  Notably, Plaintiffs do not put forth an alternative argument in favor of transfer rather than dismissal in the event that this

Court finds venue improper.  No interests of justice exist where Plaintiffs should benefit from the transfer of their lawsuit, especially in light of Plaintiffs' refusal to even address the propriety of the District of New Jersey as a venue.  Plaintiffs' silence on the issue should be interpreted as acquiescence to dismissal in the event of a declaration of improper venue.[4]  This Court should dismiss the matter.

**POINT II**

**THE INDIVIDUAL DEFENDANTS ARE NOT SUBJECT TO PERSONAL JURISDICTION IN NEW JERSEY.**

Plaintiffs' efforts to distinguish Roche Diagnostics Corp. v. Binson's Hosp. Supplies, No. 17-949, 2017 U.S. Dist. LEXIS 150853, at *16-24 (S.D. Ind. Sep. 18, 2017) are unavailing.  Plaintiffs recognize that the theory of jurisdiction rejected by the Roche court was "based on specific fraudulent communications they made from Michigan to Roche in Indiana." (Dkt. 111 at 35.)  But this is the same theory Plaintiffs now use against the individual Defendants, albeit even more tenuous in this case.  (See Dkt. 41, ¶¶ 26, 117.)  Indeed, the complaints in Roche and in this matter are nearly identical in their legal theory, format, and framing.

Plaintiffs' claims of jurisdiction—over the individual Defendants in their personal capacities—are based on the conduct of Peterson Pharmacy, a third-party corporation that was not owned by any of the Defendants and did not employ any

---

[4] If this Court decides venue is proper in the District of New Jersey, Defendants join in ZB Bank's motion to transfer, 28 U.S.C. § 1404.  (Dkt. 95-1 at 16-24.)

5

of them.  No New Jersey case has extended the bounds of jurisdiction to impute the actions of a third-party corporation onto the employees of a distinct corporation.

This Court must apply personal jurisdiction to the extent that New Jersey law would permit.  New Jersey has made plain that jurisdiction over individual employee-defendants does not rise based on the actions of their employer corporation.  In New Jersey, "personal jurisdiction [is] lacking in lawsuits against officers and directors whose only contact with the forum state was their position with a corporation incorporated there."  Moran v. Biolitec Inc., No. A-3701-14T3, 2017 N.J. Super. Unpub. LEXIS 2833, at *12 (N.J. Super. Ct. App. Div. Nov. 14, 2017).  Certainly, then, personal jurisdiction would not rise for employees of one corporation based on the contacts of a separate third-party corporation.

Nonetheless, even after engaging in an extensive fishing expedition through discovery, Plaintiffs cannot show that each Defendant had sufficient contacts with New Jersey to expect to be hauled into court in this jurisdiction.[5]

Plaintiffs argue that Jeffrey Smith's contacts with New Jersey "were extensive and deliberate."  But there is no allegation that he had any contact with Peterson or its operations in New Jersey.  Plaintiffs merely point to e-mails written by Jeffrey Smith discussing New Jersey, not contacting the forum.  Plaintiffs also

---

[5] Plaintiffs try to shift the burden of proof onto Defendants to disprove jurisdiction. (Dkt. 111 at 31.)  But Plaintiffs solely bear the burden of establishing, by a preponderance of the evidence, sufficient contact by each Defendant with New Jersey.  See Lasala v. Marfin Popular Bank, 410 F. App'x 474, 476 (3d Cir. 2011).

4546754-1

focus on pharmacies that existed after Peterson Pharmacy closed.  But any contact Jeffrey Smith had with New Jersey after Peterson closed is, by definition, not connected to any purported fraud operating through Peterson.  If this Court finds that Smith's signature on a contract involving New Jersey Rx, LLC and New Jersey Rx Holdings, LLC is sufficient contact with the forum for jurisdiction, then Plaintiffs' claims against him should be limited to after those contracts were signed and jurisdiction should only extend to claims that "arise[] out of or relate[] to" those entities.  See Wolstenholme v. Bartels, 511 F. App'x 215, 218 (3d Cir. 2013).

Plaintiffs primarily cite to e-mails directed to Steven Hadlock or cc'd to him as evidence of his contact with New Jersey.  (Dkt. 111-2, ¶¶ 78-85.)  But Hadlock's receipt of e-mails while working for a corporation in Utah does not give rise to jurisdiction over him in New Jersey.  Plaintiffs cannot identify any affirmative steps that Hadlock took to purposefully avail himself of the laws and protection of New Jersey.  Instead, Masum Amin explained that Hadlock did not have prolonged contacts with the pharmacy in New Jersey, but rather, Hadlock helped her with "issues on setting up" the pharmacy and that she only "dealt with [him] initially on the day-to-day in the first month of starting work."  (Dkt. 111-3, 14:2–4; 15:15–16.)  She stopped speaking with Hadlock after approximately "two to three months," i.e., January or February 2014.  (Id., 24:13–23.)  Dow Jones did not recall having more than one conversation with Hadlock regarding Peterson.

7

(Dkt. 111-4, 92:7 to 93:13.)  He indicated that he spoke with Hadlock "[m]ore at the beginning, and then almost none over the past two [years] as it proceeded." (Id., 236:22–24.)   These fleeting contacts do not rise to the level necessary to subject him to jurisdiction in New Jersey.  Indeed, none of the allegations about Hadlock are even related to the purported scheme pleaded by Plaintiffs.  Amin never communicated with Hadlock about DME and retail test strips, which is at the heart of Plaintiffs' allegations.  (Dkt. 111-3, 58:10–13; 78:2–4.)  If Hadlock is subject to personal jurisdiction in New Jersey, then it should only extend to the time frame identified by Amin and Jones—the months after Peterson Pharmacy opened—and Plaintiffs' claims against Hadlock should likewise be limited to those arising out of or relating to that time period.  See id.

Plaintiffs appear to be using Sahily Paoline's visits to New Jersey to see family as giving rise to jurisdiction over her for this litigation.  But specific jurisdiction requires that contacts with the forum be related to the suit.  Plaintiffs also cite conversations Paoline had with Amin, but these conversations involved Paoline, in her professional capacity, responding to questions from Amin.  Amin's unilateral conduct of reaching out to Utah cannot be used to establish jurisdiction over Paoline in New Jersey.  Paoline did not purposefully avail herself of the forum state in her personal capacity.  To the extent that Plaintiffs claim that her visit to Peterson in 2013 to conduct inventory prior to the purchase of the

8

pharmacy establishes jurisdiction, then Plaintiffs' claims should be solely limited to those specifically arising out of and relating to that 2013 visit.  See id.

All instances of conduct that Plaintiffs cite regarding David Grant are Grant acting as legal counsel to a corporation, and not acting in his personal capacity. Plaintiffs have pointed to no case where a court has exercised jurisdiction over a corporate counsel, in his personal capacity, based on his actions representing the corporate client.  Plaintiffs also allege that Grant's phone conversations with Amin are sufficient contact with New Jersey to hale him into court in the forum.  But these conversations would have occurred in Grant's role as an employee of Alliance and not in his personal capacity.  Nonetheless, his conversations with one individual do not amount to purposeful availment of the forum state.  See Markferding v. Westmoreland Cnty. (Pa.) Domestic Rels. Office, No. 05-755, 2005 U.S. Dist. LEXIS 34216, at *6 (D.N.J. June 17, 2005).

Plaintiffs have failed to allege any contact by Blaine Smith with the State of New Jersey, let alone sufficient minimum contacts such that he would be subject to personal jurisdiction in the state.  He is not alleged to have any involvement with the operations of Peterson Pharmacy in New Jersey.  Indeed, Amin did not even know who Blaine Smith was.  (Dkt. 111-3, 28:2-4.)  Plaintiffs appear to argue that because "Blaine Smith received documents pertaining to Alliance's purchase of pharmacies in New Jersey," therefore he can be sued in the forum in his personal

9

capacity. But the receipt of documents by an employee is not the purposeful availment of the laws and jurisdiction of New Jersey in a personal capacity.

Plaintiffs have already proceeded with a significant amount of jurisdictional discovery and turned up empty. Plaintiffs had the opportunity to conduct multiple depositions and sift through an estimated 1.5 million documents provided by Alliance, including e-mail accounts of approximately thirty employees. Further efforts would likewise bear no fruit. This Court should not grant them the benefit of any additional discovery. Jurisdictional discovery generally relates to corporate defendants and whether they are "doing business" within the state, and not individuals in their personal capacities. Mass. Sch. of Law v. ABA, 107 F.3d 1026, 1042 (3d Cir. 1997). Plaintiffs "fail to present factual allegations that suggest with 'reasonable particularity' the existence of the necessary contacts between [each individual Defendant] and New Jersey, separate and distinct from [Alliance]'s business contacts." See Knierim v. Siemens, No. 06-4935, 2008 U.S. Dist. LEXIS 26571, at *33 (D.N.J. Mar. 31, 2008) (denying discovery).

## POINT III

## PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

**A.    Fraud**

Plaintiffs' efforts to evade the heightened pleading standard for fraud should be disregarded. Plaintiffs frame this matter as one of corporate fraud in the hopes

10

that the Fed. R. Civ. P. 9(b) standard will be relaxed.  But Plaintiffs allege fraud by <u>individual</u> defendants in their <u>personal</u> capacities.  This is merely another example of Plaintiffs trying to blur the line between individual employees and a corporation.

The purpose of relaxing the heightened standard in certain fraud cases is where corporate defendants are in sole possession of knowledge that the plaintiffs cannot access.  <u>Gray v. BMW of N. Am., LLC</u>, No. 13-cv-3417, 2014 U.S. Dist. LEXIS 133337, at *4 (D.N.J. Sep. 23, 2014).  In cases of "<u>corporate</u> fraud," plaintiffs are not expected to have personal knowledge of the "<u>corporate</u> internal affairs."  <u>Id.</u> at *5 (emphasis added).  Plaintiffs have not identified why the heightened pleading standard should be relaxed in a case brought solely against individual defendants, with no claims against a corporate entity.  In each of the cases cited by Plaintiffs, where a court in the District of New Jersey relaxed the Rule 9(b) standard, a corporate entity was named as a defendant.  In one matter, the Court declined to require plaintiffs to identify the precise role of each corporate defendant because "this is a case of an alleged fraudulent concealment perpetrated by <u>sophisticated corporate entities</u> that are related to each other, the Plaintiffs need not distinguish the specific roles that each entity played in the fraudulent concealment in order to meet the Rule 9(b) standard."  <u>Id.</u> at *4 (emphasis added). [6]

---

[6] <u>See also</u> <u>Prudential Ins. Co. of Am. v. Credit Suisse Sec. LLC</u>, No. 12-7242, 2013 U.S. Dist. LEXIS 142191 (D.N.J. Sep. 30, 2013) (dealing with all corporate-entity

Here, however, Plaintiffs have sued five individuals, whose identities are not hidden behind the complexities of corporate formation.

The rationale for relaxing the standard when a corporate defendant has exclusive control over the information does not apply here. No information lies within the individual Defendants' control, let alone information within their exclusive control. See Weske v. Samsung Elecs., Am., Inc., 42 F. Supp. 3d 599, 607 (D.N.J. 2014). Any information rests in the control of third-party entities. Indeed, Plaintiffs have recognized this. Plaintiffs have served a third-party subpoena on Alliance and have also deposed third-party individuals. Plaintiffs do not identify any case where the heightened pleading standard was relaxed because a third-party controlled certain information or knowledge.

## B.    Unjust Enrichment

Plaintiffs argue that no direct relationship is required for an unjust enrichment claim to proceed. No New Jersey court, applying its own law, has abandoned the direct relationship requirement for an unjust enrichment claim. And the substantial majority of cases in this District have required a direct relationship between the parties. Noble v. Samsung Elecs. Am., No. 15-3713, 2018 U.S. Dist. LEXIS 21545, at *17 (D.N.J. Feb. 8, 2018) ("Indeed, courts in this district—both before and after Stewart [v. Beam Glob. Spirits & Wine, Inc., 877 F. Supp. 2d 192,

---

defendants); T.J. McDermott Transp. Co. v. Cummins, Inc., No. 14-04209, 2015 U.S. Dist. LEXIS 29678, at *19 (D.N.J. Mar. 11, 2015) (same).

196 (D.N.J. 2012)]—have overwhelmingly held that a manufacturer cannot be held liable for unjust enrichment if the plaintiff purchased the product at issue from a third-party."). <u>Stewart</u> and the mere handful of cases following it are outliers. This Court should follow the vast majority of cases and require Plaintiffs to establish a direct relationship as part of an unjust enrichment claim.

Nonetheless, absent the direct relationship requirement, Plaintiffs have still failed to state a claim for unjust enrichment against each individual Defendant.

Plaintiffs have not sufficiently pleaded that each individual Defendant received a benefit in their <u>personal capacities</u>, as is required under New Jersey law. <u>See</u> <u>Rickerson v. Pinnacle Foods Inc.</u>, No. 17-cv-4469, 2018 U.S. Dist. LEXIS 59810, at *9 (D.N.J. Apr. 9, 2018).   This important fact distinguishes the present situation from <u>PNY Techs. v. Salhi</u>, No. 12-cv-4916, 2018 U.S. Dist. LEXIS 32320, at *6 (D.N.J. Feb. 28, 2018), where the individual defendant was alleged to have <u>personally</u> received $1.5 million from the corporation as a benefit, and from <u>Equiom (Isle of Man) Ltd v. Jacobs</u>, No. 16-4362, 2017 U.S. Dist. LEXIS 211083, at *13 (D.N.J. Dec. 22, 2017), where the plaintiffs specifically alleged that the individual defendants <u>directly</u> received a benefit of at least $18,100 in cash.  Here, there is no indication that any individual Defendant personally received any financial or other tangible benefit at Plaintiffs' expense.  The absence of a personal benefit to the Defendants means that they—as individuals—cannot be held

13

personally liable on a claim of unjust enrichment.

Plaintiffs have also not pleaded an expectation of remuneration from each of the Defendants.  See Stewart, 877 F. Supp. 2d at 196.  No Defendant was ever expected to personally give remuneration to either LifeScan or JJHCS.  Indeed, Plaintiffs did not even have an expectation of remuneration from Alliance; rather, Plaintiffs received payment solely from insurers.  (Dkt. 41, ¶¶ 12, 38, 42, 91.)

## C.    Negligent Misrepresentation

Plaintiffs' opposition brief largely ignores the arguments that Defendants made in support of dismissing the negligent misrepresentation claims.  Plaintiffs acknowledge negligent misrepresentation "shares all the components of fraud," but they fail to address that a claim for negligent misrepresentation additionally requires that "the misrepresentation must be made by a person with a duty to the plaintiff."  See Roll v. Singh, No. 07-4136, 2008 U.S. Dist. LEXIS 50125, at *61-62 (D.N.J. June 26, 2008) (quotation omitted).  No individual Defendant is pleaded as having any duty to either Plaintiff.  Further, Plaintiffs' brief ignores that they have not identified "who made a misrepresentation to whom and the general content of the misrepresentation."  See Lum v. Bank of Am., 361 F.3d 217, 224 (3d Cir. 2004).  Plaintiffs had the burden of pleading a misstatement or omission by each and every defendant, and they have failed to do so.  See Kaufman v. i-Stat Corp., 754 A.2d 1188, 1195 (N.J. 2000).  Plaintiffs do not identify any statement

by any individual Defendant nor the recipient of any purported misstatement.

**D.     Tortious Interference**

Plaintiffs did not state a prima facie case of tortious interference against each Defendant.  Plaintiffs failed to allege that each Defendant personally knew of an expected economic advantage.  <u>See</u> <u>Lightning Lube, Inc. v. Witco Corp.</u>, 4 F.3d 1153, 1167 (3d Cir. 1991).  Plaintiffs' broad and generic claims that it is "well known throughout the diabetes product industry" and "widely known throughout the blood glucose test strip industry" do not state personal knowledge by each individual Defendant, as required.  (Dkt. 41, ¶¶ 38, 91.)  Moreover, Plaintiffs have not asserted any facts that each individual Defendant acted with intent and malice against either Plaintiff.  <u>See id</u>.  Instead, Plaintiffs make a sole conclusory statement regarding "Defendants' malicious interference."  (Dkt. 41, ¶ 140.)  This bald assertion is insufficient to state a claim upon which relief may be granted.

<u>**CONCLUSION**</u>

For these reasons, this Court must dismiss Plaintiffs' Amended Complaint.

BY:   *s/ Leo J. Hurley Jr.*

Leo J. Hurley, Jr.
Jonathan P. McHenry
Jeffrey P. Mongiello
Connell Foley LLP
Harborside 5
185 Hudson Street, Suite 2510
*Attorneys for Defendants, JEFFREY C. SMITH,*
*STEVEN L. HADLOCK, SAHILY PAOLINE,*
*BLAINE SMITH, & DAVID GRANT*

DATED:    June 1, 2018

15