UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIFESCAN INC., and JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC., <br>     Plaintiff, <br><br> vs. <br><br> JEFFREY C. SMITH, GEOFFREY S. SWINDLE, STEVEN L. HADLOCK, SAHILY PAOLINE, DAVID GRANT, JUSTIN LEAVITT, BLAINE SMITH, ALISON WISTNER, ADAM KOOPERSMITH & ZB, N.A., <br>     Defendants. | Civil Action <br> Case No.: 2:17-CV-05552-CCC-CLW <br><br> FILED ELECTRONICALLY <br><br> Oral Argument Is Requested |

---

**REPLY BRIEF IN SUPPORT OF DEFENDANTS WISTNER AND KOOPERSMITH'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

---

                                                            **CHIESA SHAHINIAN & GIANTOMASI PC**
                                                            One Boland Drive
                                                            West Orange, NJ 07052
                                                            Telephone: (973) 325-1500
                                                            *Attorneys for Defendants*
                                                            *Alison Wistner and Adam*
                                                            *Koopersmith*

Of Counsel and on the Brief:
    Jeffrey S. Chiesa, Esq.
    Marie L. Mathews, Esq.
    Olajide A. Araromi, Esq.

TABLE OF CONTENTS

TABLE OF AUTHORITIES .......................................... ii
PRELIMINARY STATEMENT .......................................... 4
I.   The Court Lacks Jurisdiction Over The External Director
     Defendants, As They Have No Contacts With New Jersey ...... 6
     A.   The External Director Defendants are Not Alleged to
          Have Been Personally Involved in Committing Any
          Tort in New Jersey ................................... 8
     B.   There Is No Basis to Permit Additional Discovery .... 12
II.  Plaintiffs' Claims Are Improperly Pleaded And Must Be
     Dismissed Pursuant To Fed. R. Civ. P. 9(B) And 12(B)(6) .. 15
     A.   Plaintiffs Must Plead Fraud Against the External
          Director Defendants with Particularity .............. 15
     B.   The Other Counts Fail to State a Claim Against the
          External Director Defendants ........................ 17
CONCLUSION .................................................... 18

1

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Oral Techs., L.L.C. v. Nutres Research, Inc.*,
   CIV 10-5303 DRD, 2011 WL 198029 (D.N.J. Jan. 20,
   2011) ............................................................ 15

*Ameripay, LLC v. Ameripay Payroll, Ltd.*,
   334 F. Supp. 2d 629 (D.N.J. 2004) .................... 5, 9

*Calder v. Jones*,
   465 U.S. 783 (1984) ........................................ 8

*Canfield Scientific, Inc. v. Melanoscan, LLC*,
   No. 16-4636, 2017 WL 2304644 (May 25, 2017 D.N.J.) ........ 15

*Cerciello v. Canale*,
   563 F. App'x 924 (3d Cir. 2014) ........................... 4

*Christie v. Nat'l Inst. For Newman Studies*,
   258 F. Supp. 3d 494, 511 (D.N.J. 2017) .................... 7

*Commerce Bancorp, Inc. v. BK Int'l Ins. Brokers, Ltd.*,
   490 F. Supp. 2d 556 (D.N.J. 2007) ........................ 14

*Craftmatic Sec. Litig. v. Kraftsow*,
   890 F.2d 628 (3d Cir. 1989) .............................. 13

*Educ. Testing Serv. v. Katzman*,
   631 F. Supp. 550 (D.N.J. 1986) ............................ 8

*Equiom (Isle of Man) Ltd. v. Jacobs*,
   CV 16-4362, 2017 WL 6550481 (D.N.J. Dec. 22, 2017) ....... 14

*International Shoe Co. v. State of Washington*,
   326 U.S. 310 (1945) ...................................... 11

*Kaminski v. Twp. of Toms River*,
   CIV.A. 10-2883 FLW, 2011 WL 2600920 (D.N.J. June 29,
   2011) .................................................... 13

*Knierim v. Siemens Corp.*,
   CIV.A. 06-4935SDW, 2008 WL 906244 (D.N.J. Mar. 31,
   2008) .................................................... 10

*LaSala v. Marfin Popular Bank Public Co., Ltd.*
   410 Fed. Appx. 474 (2011) .................................4, 11

*Mass. Sch. of Law at Andover v. ABA*,
   107 F.3d 1026 (3d Cir. 1997) ................................10

*Nicholas v. Saul Stone & Co.*,
   LLC, 97-CV-860, 1998 WL 34111036 (D.N.J. June 30,
   1998), aff'd, 224 F.3d 179 (3d Cir. 2000) .................3, 9

*Norben Imp. Corp. v. Metro. Plant & Flower Corp.*,
   CIV.A. 05-54 (JCL), 2005 WL 1677479 (D.N.J. July 15,
   2005) ....................................................11, 12

*Novartis Pharm. Corp. v. Bausch & Lomb, Inc.*,
   No. 07-5945, 2008 WL 4911868 (D.N.J. Nov. 13, 2008) .........15

*Roche Diagnostics Corp. v. Binson's Hosp. Supplies, Inc.*,
   No. 1:17-CV-00949, 2017 WL 4123050 (S.D. Ind. Sept.
   18, 2017) ....................................................9

*SDS USA Inc. v. Ken Specialties, Inc.*
   2002 U.S. Dist. LEXIS 16762 (D.N.J. Aug. 28, 2002) ...........8

*Weske v. Samsung Elecs., Am., Inc.*,
   934 F. Supp. 2d 698 (D.N.J. 2013) ...........................13

**Other Authorities**

Fed. R. Civ. P. 9(b) .....................................12, 13

Fed. R. Civ. P. 12(B)(6) .................................12, 15

## PRELIMINARY STATEMENT

Defendants Alison Wistner ("Wistner") and Adam Koopersmith ("Koopersmith")(collectively referred to herein as the "External Director Defendants") are not subject to personal jurisdiction in this Court for resolution of Plaintiffs' claims. Wistner is a Utah resident who sat on the Board of Directors of Alliance as a result of her employment at Mercato Partners, an investor in Alliance. (Am. Compl. at ¶ 20). Koopersmith is an Illinois resident who sat on the Board of Directors of Alliance as a result of his employment with the Pritzker Group, an investor in Alliance. (Am. Compl. at ¶ 21). The discovery taken by Plaintiffs to date has confirmed that the External Director Defendants (1) have never traveled to New Jersey in connection with any work for Alliance (Interrogatory 1), (2) have never communicated with any person or entity located in New Jersey in connection with any work for Alliance (Interrogatory 3), (3) have no knowledge of any contacts between Alliance and anyone in New Jersey (Interrogatories 4 and 5); (4) never authorized, supervised or approved any plans, reports or proposals of Alliance, except with respect to financial matters (Interrogatory 7) and (5) received no compensation from Alliance (Interrogatory 8).[1]

---

[1] Defendant Wistner's Response to Plaintiffs' First Interrogatories, attached to the Certification of Olajide Araromi as Exhibit 1; Defendant Koopersmith's Response to Plaintiffs' First Interrogatories,

4

In order to obscure the fact that the External Director Defendants have no contacts with New Jersey sufficient to confer jurisdiction, Plaintiffs consistently make conclusory allegations that lump all defendants together, such as that "the Individual Defendants actively participated in Alliance's fraud in New Jersey by setting up fraudulent business in NJ." (Plfs. Opp. Br. at 3). Plaintiffs have come forward with no evidence that the External Director Defendants were active participants in Alliance's alleged fraud in New Jersey or elsewhere. Moreover, Plaintiffs have not cited a single case where a court exercised personal jurisdiction over an outside director based upon facts such as these.

Unable to plead sufficient facts to establish the existence of personal jurisdiction over the External Director Defendants, Plaintiffs instead seek to delve directly into the merits of their claims. However, the threshold question to be answered at this time is not whether the External Director Defendants can be held liable for Alliance's alleged fraud, but whether *this* Court has the requisite jurisdiction to adjudicate these particular defendants' liability for the alleged fraud based on the allegations as pleaded. Here, Plaintiffs have failed to allege

---

Araromi Ex. 2. Following submission of the External Director Defendants' moving brief, Plaintiffs served discovery requests on all Defendants. Although Wistner's and Koopersmith's responses were served on April 5, 2018, long before Plaintiffs' opposition brief was filed, for reasons that we can only imagine, Plaintiffs failed to bring the responses to the Court's attention.

5

any facts that establish that the External Director Defendants "purposefully directed [their] activities at residents" of New Jersey. *See Nicholas v. Saul Stone & Co.*, LLC, 97-CV-860, 1998 WL 34111036, *11 (D.N.J. June 30, 1998), aff'd, 224 F.3d 179 (3d Cir. 2000). For that reason, the Amended Complaint must be dismissed for lack of personal jurisdiction.

Likewise, the Amended Complaint fails to state a claim for fraud, aiding and abetting fraud, conspiracy, unjust enrichment, negligent misrepresentation and tortious interference with prospective business relations. For the reasons set forth herein, and for those set forth in the Moving Co-Defendants' papers in which the External Director Defendants join, the motion to dismiss should be granted.

## LEGAL ARGUMENT

### I. THE COURT LACKS JURISDICTION OVER THE EXTERNAL DIRECTOR DEFENDANTS, AS THEY HAVE NO CONTACTS WITH NEW JERSEY

With respect to personal jurisdiction, Plaintiffs' First Amended Complaint ("FAC") alleges only that (1) Wistner is a resident of Utah (Am. Compl. at 20); (2) Koopersmith is a resident of Illinois (*Id.* at 21); (3) all defendants "committed torts alleged herein in New Jersey," (*Id.* at 26) and (4) that the External Director Defendants "became aware that fraud was Alliance's foundational practice no later than July 2015 . . . [and] continued to authorize, supervise, and abet the operation

6

of the business [they] knew to be based on fraud." (*Id.* at ¶¶ 87-88). There are no other allegations that specifically relate to the External Director Defendants. Plaintiffs have utterly failed to describe how Wistner and Koopersmith purposefully directed their activities at residents of New Jersey, as Plaintiffs admit they must. (*See* Plfs. Opp. Br. at 22) (citing *Miller Yacht Sales v. Smith*, 348 F.3d 93, 96 (3d Cir. 2004)). As further explained below, the alleged "commission of torts in New Jersey" is simply insufficient as a matter of law.

To survive this motion, Plaintiffs have to present facts through competent evidence which are sufficient to establish a prima facie case that the Court has the jurisdiction necessary to adjudicate these particular defendants' liability. *See Cerciello v. Canale*, 563 F. App'x 924, 925 n.1 (3d Cir. 2014). It is undeniably Plaintiffs' burden to establish the existence of jurisdiction by the preponderance of the evidence. *Id. See also LaSala v. Marfin Popular Bank Public Co., Ltd.* 410 Fed. Appx. 474 (2011) (upholding standard for motion to dismiss for lack of personal jurisdiction). As explained herein, there are no such allegations, much less evidence, that establish that the External Director Defendants purposefully availed themselves of the privilege of conducting activities within the forum, or otherwise purposefully directed their activities at residents of New Jersey. Knowing that there is no basis for personal

7

jurisdiction over the External Director Defendants, Plaintiffs attempt to shift their burden on the issue. Plaintiffs claim that because the External Director Defendants did not submit affidavits denying responsibility for Alliance's alleged fraud, this Court is permitted to conclude that it has jurisdiction over the individuals, notwithstanding their lack of contacts with the forum. (*See, e.g.*, Plfs. Opp. Br. at 24). As it must on a Rule 12 motion, the External Director Defendants' argument accepts the allegations as pleaded. However, the allegations are just that - allegations. Defendants are not required to contest the allegations in order to prevail on this motion. Plaintiffs have failed to make out a prima case and the burden does not shift to Defendants to establish anything. *See Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 633 (D.N.J. 2004).

### A. The External Director Defendants are Not Alleged to Have Been Personally Involved in Committing Any Tort in New Jersey

Plaintiffs claim that "because a large amount of the fraud was carried out through a New Jersey pharmacy, Defendants are subject to personal jurisdiction in this state." (Plfs Opp. Br. at 2) The law upon which Plaintiffs rely, however, is clear that personal jurisdiction for fraud in New Jersey only extends to those individuals who were "personally involved in committing [the] tort" in New Jersey. (*See* Plfs Opp. Br. at 22) (citing

8

*Christie v. Nat'l Inst. For Newman Studies*, 258 F. Supp. 3d 494, 511 (D.N.J. 2017)).

Fully aware that the FAC does not allege that the External Director Defendants were somehow personally involved in committing fraud in New Jersey (because they were not), Plaintiffs now assert that discovery has revealed that Alliance's Board of Directors (of which Wistner and Koopersmith were members) "explicitly approved the purchase of the Peterson and Newton pharmacies in New Jersey." (Plfs. Opp. Br. at 34) (citing to Mott Decl. at ¶¶ 101-102). In other words, Plaintiffs argue that this Court should exercise personal jurisdiction over non-resident individuals strictly because they sat on the Board of a Utah company that approved the purchase of a pharmacy in New Jersey, which pharmacy was then allegedly involved in the commission of fraud.

As an initial matter, there is no evidence that the Alliance Board of Directors approved the purchase of the Peterson and Newton pharmacies, and certainly no evidence that Wistner and/or Koopersmith approved such purchase. The testimony upon which Plaintiffs rely is that of former Peterson Pharmacy owner Dow Jones, who when asked if the purchase was approved by Alliance's Board, said "I believe they did, so - I don't believe I own it anymore ..." (*See* Jones Dep. at 205:9-12, Mott Cert. ¶¶101-102). Notably, as the adverse party in the

9

transaction, Mr. Jones would have no personal knowledge of Alliance's internal approval procedures for the transaction. Similarly, Masum Amin, the former Pharmacist in Charge at Peterson Pharmacy, testified that she was unaware of what role, if any, the Alliance Board of Directors played in the acquisition of Peterson, and that she did not know who was even on the Board. (Amin Dep. at 28:9-15, Ex. 1 to Mott Decl.).

More importantly, even if it were true that the External Director Defendants approved the purchase of a New Jersey pharmacy, none of the cases upon which Plaintiffs rely find that personal jurisdiction has been established based on such attenuated contacts with the forum. Instead, in those cases the defendants were alleged to have actually contacted New Jersey for the purpose of committing a tort - i.e., they purposefully directed their activities at residents of New Jersey. For example, in *Christie*, the individual defendants were alleged to have "actively communicated with Plaintiff in New Jersey, and affirmatively directed tortious conduct via the Internet at Plaintiff who they knew was located in New Jersey at that time." 258 F. Supp.3d at 505, 511 (finding personal jurisdiction over individual defendants where they allegedly "directed, participated or cooperated in [the company's] tortious cyber-activity"). Likewise in *Calder v. Jones*, 465 U.S. 783, 785-786 (1984), the Florida defendants were the primary participants in

10

the alleged libel that was intentionally directed at the California plaintiff. Specifically, one defendant made repeated calls to California to research the allegedly libelous article and even called the plaintiff's husband in California to read him the article. *Id.* at 785-786.[2] Only actions "*taken within the forum state* by a corporate official in his official capacity may be considered for purposes of establishing jurisdiction over him in his individual capacity." *Educ. Testing Serv. v. Katzman*, 631 F. Supp. 550, 559 (D.N.J. 1986) (emphasis added).

There is no allegation that the External Director Defendants were personally involved in committing any tort, or took any actions *within New Jersey*. At best, Plaintiffs now baselessly allege that the External Director Defendants approved Alliance's acquisition of a pharmacy in New Jersey. That in itself is not a tort, and does not serve to confer jurisdiction. Where, as here, the individual defendants are not alleged to have been personally involved in committing any tort, contacts with the forum state that occur in the course of their corporate duties do not confer personal jurisdiction over the individual. *See, e.g., Roche Diagnostics Corp. v. Binson's Hosp. Supplies, Inc.*, No. 1:17-CV-00949, 2017 WL 4123050, *7 (S.D. Ind. Sept.

---

[2] *See also SDS USA Inc. v. Ken Specialties, Inc.* 2002 U.S. Dist. LEXIS 16762, *15-17 (D.N.J. Aug. 28, 2002) (finding personal jurisdiction over individual defendant where defendant admitted personal involvement in sale of infringing products in New Jersey).

18, 2017). In *Nicholas v. Saul Stone & Co., LLC*, this Court declined to exercise personal jurisdiction over individual corporate officers because:

> [P]laintiffs ha[d] not alleged any contact defendants…had with the forum New Jersey. Defendants…did not reside in New Jersey, did not visit here, did not own property here or even have any personal contact with the forum state. This Court cannot, therefore, find that defendants ha[d] systematic and continuous contacts with New Jersey. Further, defendants…never communicated with plaintiffs in New Jersey and never spoke or corresponded with anyone purporting to represent the [wrongdoer]. Therefore, this court cannot find that defendants…took any action by which they purposefully availed themselves of the privilege of conducting activities within the forum state or that would justify haling them into Court in this state.

1998 WL 34111036 at *11. The same analysis applies to this case.

B. **There Is No Basis to Permit Additional Discovery**

Plaintiffs have not provided the Court with sufficient grounds to grant its request for further discovery in the event the Court concludes Plaintiffs' pleadings are inadequate as it relates to the External Director Defendants. Although jurisdictional discovery is a discretionary decision by the Court, Third Circuit case law is clear that before obtaining jurisdictional discovery against an individual (and not a corporation), a plaintiff must make a particularized showing. The presumption in favor of jurisdictional discovery is reduced

12

when the defendant is an individual, and not a corporate entity doing business within the state. *Mass. Sch. of Law at Andover v. ABA*, 107 F.3d 1026, 1042 (3d Cir. 1997). As a result, jurisdictional discovery should be denied when the plaintiff "fail[s] to present factual allegations that suggest with 'reasonable particularity' the existence of the necessary contacts between [individual defendants] and New Jersey, separate and distinct from [the corporation]'s business contacts with the forum state." *See Knierim v. Siemens Corp.*, CIV.A. 06-4935SDW, 2008 WL 906244, at *12 (D.N.J. Mar. 31, 2008).

Jurisdictional discovery should not be allowed in the instant matter, as the Plaintiffs have failed to plead or argue with reasonable particularity that the External Director Defendants, named in their individual capacities, have the requisite contacts with the State of New Jersey. In fact, the External Director Defendants' interrogatory answers make clear that they have no contacts with New Jersey. (*See* Araromi Cert. Exs. 1, 2). As a result, allowing additional jurisdictional discovery will "serve as a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery." *See LaSala*, 410 Fed. Appx. at 478 (upholding finding of lack of personal jurisdiction over individual defendants for corporate fraud and refusing to permit additional discovery).

13

Plaintiffs essentially admit that they that will be unable to establish that Wistner and Koopersmith (and even Swindle) have had the minimum contacts with the forum, wherein they request that the Court exercise personal jurisdiction over those defendants as a matter of judicial efficiency. (*See* Pl. Opp. Br. at 36 n.12). The requirement of personal jurisdiction is a matter of Due Process protected by the United States Constitution. *See International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945). There is no exception made to such requirements for the convenience of the plaintiff or judicial efficiency. Plaintiffs misleadingly cite to *Norben Imp. Corp. v. Metro. Plant & Flower Corp.*, CIV.A. 05-54 (JCL), 2005 WL 1677479, at *9 (D.N.J. July 15, 2005), to support the proposition that the claims against Wistner, Koopersmith, and Swindle should be litigated in New Jersey for the sake of judicial efficiency. In that case, however, the Court determined that the plaintiffs had met their prima facie burden to establish minimum contacts with the forum. It rejected the argument that the exercise of jurisdiction would not comport with "fair play and substantial justice," by in part determining that judicial efficiency would be served by litigating all claims together. *Id.* at 9. As Plaintiffs here have failed to meet their prima facie burden, *Norbem* is inapposite.[3]

---

[3] The External Director Defendants rely on their Moving Brief, as well

## II. PLAINTIFFS' CLAIMS ARE IMPROPERLY PLEADED AND MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 9(B) AND 12(B)(6)

### A. Plaintiffs Must Plead Fraud Against the External Director Defendants with Particularity

All four counts asserted in the Amended Complaint must be dismissed as against the External Director Defendants for failure to state a claim upon which relief may be granted. Plaintiffs allege three fraud related causes of action in the First Claim for Relief—common law fraud, aiding and abetting fraud, and conspiracy to commit fraud—but fail to plead such claims with the requisite level of particularity under Fed. R. Civ. P. 9(b). Plaintiffs simply allege that all defendants generally (1) "sold, aided and abetted the sale of, and conspired to sell LifeScan products in the state of New Jersey as part of an illegal scheme whereby they fraudulently obtained improper insurance reimbursements for the New Jersey sales"; (2) "received insurance reimbursements from insurance companies located in the state of New Jersey"; and (3) "fraudulently and knowingly caused JJHCS to make payments from New Jersey." (Am. Compl. at ¶ 26). However, lumping defendants together fails to provide adequate notice to the External Director Defendants. "Collectivized allegations that generally allege fraud as against multiple defendants, without informing each defendant as

---

as the Moving Co-Defendants papers, and Defendant ZB, N.A.'s motion to transfer venue, in response to Plaintiffs' opposition to their argument that venue is improper in this District.

to the specific fraudulent acts he or she is alleged to have committed, do not satisfy Rule 9(b)." *Weske v. Samsung Elecs., Am., Inc.*, 934 F. Supp. 2d 698, 703 (D.N.J. 2013).

Although the heightened pleading requirement of Rule 9(b) may be relaxed in certain circumstances, those circumstances require, *inter alia*, that the plaintiff establish that the necessary facts are within the exclusive control of the moving defendant. *See, e.g., Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989); *Kaminski v. Twp. of Toms River*, CIV.A. 10-2883 FLW, 2011 WL 2600920, at *3 (D.N.J. June 29, 2011). Plaintiffs have not alleged factual information to support a claim that necessary information lies within External Director Defendants' control. The External Director Defendants are individuals that do not hold evidence of the corporate fraud that Plaintiffs have alleged. Indeed, Plaintiffs have subpoenaed and received the vast majority of Alliance's relevant corporate records. Plaintiffs have been in possession of such records, including the External Director Defendants' emails, for months. (*See* Plfs. Opp. Br. at 35). Plaintiffs have failed to explain what necessary information is within Wistner's and Koopersmith's exclusive control. Thus, even under the relaxed pleading standard, Plaintiffs have failed to state a claim upon which relief may be granted in the First Claim for Relief.

16

### B. The Other Counts Fail to State a Claim Against the External Director Defendants

With respect to the Second Claim for Relief, alleging unjust enrichment, Plaintiffs' fail to acknowledge that the External Director Defendants received no benefit from the alleged scheme, as they were not compensated by Alliance. (*See* Interrogatory 8, Araromi Cert. Exs. 1 and 2). Plaintiffs have failed to identify a benefit conferred onto the External Director Defendants – because no such benefit exists.[4]

With respect to the Third Claim for Relief, alleging negligent misrepresentation, Plaintiffs' assertion that a special relationship is not required to state a claim for negligent misrepresentation is contradicted by clear New Jersey case law. *See, e.g., Commerce Bancorp, Inc. v. BK Int'l Ins. Brokers, Ltd.*, 490 F. Supp. 2d 556, 563 (D.N.J. 2007) ("The special relationship, in reality, is an expression of the courts' satisfaction that a duty of care existed because the plaintiffs were particularly foreseeable and the injury was proximately caused by the defendant's negligence.") In any

---

[4] Plaintiffs have also failed to plead or set forth any facts that suggest the External Director Defendants were complicit in wrongdoing, and have not credibly claimed the External Directors are not innocent or remote third parties. *See Equiom (Isle of Man) Ltd. v. Jacobs*, CV 16-4362 (CCC-JBC), 2017 WL 6550481 *4-5, (D.N.J. Dec. 22, 2017) (finding direct relationship unnecessary where "Plaintiff plausibly contend[ed] that Defendants orchestrated…[a] wider fraudulent scheme.").

event, Plaintiffs have not alleged any facts to suggest External Director Defendants made any actual misrepresentations.

With respect to the Fourth Claim for Relief, alleging tortious interference with prospective business relations, Plaintiffs' argument that New Jersey law does not require a tortious interference claim to include an identifiable commercial relationship that is disrupted by the alleged tortfeasor is incorrect. *See, e.g., Advanced Oral Techs., L.L.C. v. Nutres Research, Inc.*, CIV 10-5303 DRD, 2011 WL 198029, at *9 (D.N.J. Jan. 20, 2011). The "mere allegation of lost business does not suffice." *Id. See also Canfield Scientific, Inc. v. Melanoscan, LLC*, No. 16-4636, 2017 WL 2304644, at *5 (May 25, 2017 D.N.J.); *Novartis Pharm. Corp. v. Bausch & Lomb, Inc.*, No. 07-5945, 2008 WL 4911868, at *7 (D.N.J. Nov. 13, 2008).

## CONCLUSION

Based on the foregoing, External Director Defendants respectfully submit that their Motion should be granted because Plaintiffs have failed to allege sufficient facts to establish the existence of personal jurisdiction over them, because venue in the District of New Jersey is improper, and because the Amended Complaint fails to state a claim for relief under Rule 12(b)(6).

CHIESA SHAHINIAN & GIANTOMASI PC

By:   s/ Jeffrey S. Chiesa
     Jeffrey S. Chiesa
     One Boland Drive
     West Orange, NJ 07052
     Telephone: (973) 325-1500
     E-mail: jchiesa@csglaw.com
     *Attorneys for Defendants*
     *Alison Wistner and Adam Koopersmith*

Dated: June 1, 2018