# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIFESCAN, INC. and JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC., | Civil Action No.: 2:17-CV-05552-CCC-CLW |
| Plaintiffs, | **ORAL ARGUMENT REQUESTED** |
| v. | |
| JEFFERY C. SMITH, GEOFFREY S. SWINDLE, STEVEN L. HADLOCK, SAHILY PAOLINE, DAVID GRANT, JUSTIN LEAVITT, BLAINE SMITH, ALISON WISTNER, ADAM KOOPERSMITH, and ZB, N.A., | |
| Defendants. | |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT JUSTIN LEAVITT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2); FED. R. CIV. P. 12(b)(3); AND FED. R. CIV. P. 12(b)(6)**

**ARCHER & GREINER P.C.**
Thomas J. Herten, Esq. (TH7556)
Nicole G. McDonough, Esq. (NM5221)
Court Plaza South, West Wing
21 Main Street, Suite 353
Hackensack, New Jersey 07601
(201) 342-6000
*Attorneys for Defendant, Justin Leavitt*

Of counsel and on the brief:
 Thomas J. Herten
 Nicole G. McDonough

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

SUPPLEMENTAL STATEMENT OF FACTS ADDUCED FROM DISCOVERY ................... 3

LEGAL ARGUMENT .......................................................................................................... 4

    I.    THIS COURT SHOULD GRANT LEAVITT'S MOTION PURSUANT TO FED. R. CIV. P. 12(b)(2) BECAUSE DISCOVERY CONFIRMS THAT PLAINTIFFS CANNOT ESTABLISH PERSONAL JURISDICTION OVER LEAVITT. ........................................................ 4

    II.    VENUE IS IMPROPER UNDER FED. R. CIV. P. 12(b)(3). ............................. 8

    III.    LEAVITT'S MOTION SHOULD BE GRANTED UNDER RULE 12(b)(6) BECAUSE PLAINTIFFS CONTINUE TO LACK FACTUAL ALLEGATIONS TO ADEQUATELY STATE THE CAUSES OF ACTION ASSERTED AGAINST LEAVITT. ........................................................ 9

CONCLUSION ................................................................................................................ 11

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Ameripay, LLC v. Ameripay Payroll, Ltd.*,
 334 F.Supp.2d 629 (D.N.J. 2004) ................................................................................5

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ....................................................................................................11

*Bockman v. First American Mktg. Corp.*,
 459 Fed.Appx. 157 (3d Cir. 2012) ..............................................................................8

*Busee v. Homebank LLC*,
 No. 07-3495, 2009 WL 424278 (D.N.J. Feb. 18, 2009) .............................................6

*Calder v. Jones*,
 465 U.S. 783 (1984) ..................................................................................................6, 7

*Cerciello v. Canale*,
 563 Fed.Appx. 924 (3d Cir. 2014) ..............................................................................4

*Christie v. National Institute for Newman Studies*,
 258 F.Supp.3d 494 (D.N.J. 2017) .......................................................................4, 5, 6

*Eason v. Linden Avionics, Inc.*,
 706 F.Supp. 311 (D.N.J. 1989) ...................................................................................9

*IMO Indus., Inc. v. Kiekert AG*,
 155 F.3d 254 (3d Cir. 1998) ........................................................................................5

*Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. and Placement*,
 326 U.S. 310 (1945) .....................................................................................................5

*Leroy v. Great W. United Corp.*,
 443 U.S. 173 (1979) .....................................................................................................8

*Marten v. Godwin*,
 499 F.3d 290 (3d Cir. 2007) ........................................................................................5

*Walden v. Fiore*,
 134 S.Ct. 1115 (2014) ...............................................................................................5, 6

**State Cases**

Allstate New Jersey v. Lajara,
 222 N.J. 129 (2015) ....................................................................................................10

*Donner v. Tams-Witmark Music Library, Inc.*,
   480 F.Supp. 1229 (E.D.Pa. 1979). ..................................................................................7, 8

Gennari v. Weichert Co. Realtors,
   148 N.J. 582 (1997) ..............................................................................................................10

*Ideal Dairy Farms, Inc. v. Farmland Dairy Farms, Inc.*,
   282 N.J. Super. 140 (App. Div.), *certif. denied*, 141 N.J. 99 (1995) .......................................10

*MacDougall v. Weichert*,
   144 N.J. 380 (1996) ..............................................................................................................10

*Printing Mart-Morristown v. Sharp Electronics Corp.*,
   116 N.J. 739 (1989) .........................................................................................................10, 11

Triffin v. Automatic Data Processing, Inc.,
   394 N.J. Super. 237 (App. Div. 2007) ...................................................................................10

Van Dam Egg Co., v. Allendale Farms, Inc.,
   199 N.J. Super. 452 (App. Div. 1985) ...................................................................................10

*VRG Corp. v. GKN Realty Corp.*,
   135 N.J. 539 (1994) ..............................................................................................................11

**Federal Statutes**

28 U.S.C. § 1391..................................................................................................................................8

**Rules**

Fed. R. Civ. P. 12(b)(2)....................................................................................................................1, 4

Fed. R. Civ. P. 12(b)(3).......................................................................................................................8

Rule 9(b) ..............................................................................................................................................2

Rule 12(b)(6)............................................................................................................................9, 11, 12

## PRELIMINARY STATEMENT

Despite their best efforts over a period of months, Plaintiffs are unable to demonstrate sufficient minimum contacts between Defendant Justin Leavitt ("Leavitt") and the State of New Jersey. This is because none exist. It would be an affront to all notions of fair play and substantial substantial justice to allow this action to proceed in New Jersey against Mr. Leavitt. After hours of deposition testimony from three fact witnesses subpoenaed by Plaintiffs and the production of over one million pages of documents by Alliance Medical Holdings, LLC, Plaintiffs have absolutely no evidence to demonstrate that Leavitt had minimum contacts with this State to justify maintenance of Plaintiffs' action here. To date, even accepting Plaintiffs' factual allegations as true and drawing all factual disputes in Plaintiffs' favor, discovery has shown that Leavitt: (i) has never been present in the State of New Jersey at any time; (ii) resides in Utah; (iii) is the former Chief Financial Officer of non-party Alliance Medical Holdings, LLC ("Alliance"); and (iv) has not directed, overseen, or assisted anyone at Peterson Pharmacy[1] (located in New Jersey) regarding regarding the adjudication of diabetic test strips. There remains absolutely no allegations and/or evidence adduced during discovery to justify hailing Mr. Leavitt halfway across the country, from his home state of Utah, to this State to defend this litigation. Mr. Leavitt's prior employment as the Chief Financial Officer of Alliance, (a Utah entity) and actions he took while in that role are insufficient to obtain personal jurisdiction over Mr. Leavitt. As such, this Court should grant Leavitt's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2).

Furthermore, Plaintiffs do not attempt to supplement the conclusory and bare-boned generic allegations in the First Amended Complaint asserted as to Leavitt. Those allegations are

---

[1] Peterson Pharmacy is located in South Amboy, New Jersey. Alliance's conduct at Peterson Pharmacy (one of dozens of pharmacies formerly in Alliance's network) forms the basis for Plaintiffs' attempt to obtain jurisdiction over Leavitt.

meant to support four causes of action against a group of nine individual defendants, specifically: (i) Fraud; (ii) Unjust Enrichment; (iii) Negligent Misrepresentation; and (iv) Tortious Interference with Prospective Business Relations. However, Plaintiffs assert general allegations against the defendants collectively, in an attempt to paint all defendants as one group and, even with that attempt, these allegations as well as the supplemental evidence referenced by Plaintiffs do not support their claims against Leavitt, personally. As set forth in Leavitt's moving papers, there remain serious deficiencies in these claims. Plaintiffs have not alleged, and indeed cannot allege, that Leavitt acted intentionally to the detriment of Plaintiffs, by affirmatively misrepresenting or omitting material information from Plaintiffs, in furtherance of some fraudulent scheme, which intentional conduct by Leavitt caused harm to Plaintiffs. Plaintiffs' claims for fraud and tortious interference fail as a result of these deficiencies. At an absolute minimum, the fraud claim as to Leavitt lacks the specificity required by Rule 9(b), and none of the documentary evidence or legal argument made by Plaintiffs in opposition to this Motion cures these deficiencies. This further necessitates dismissal of the fraud claim against Leavitt. The claim for unjust enrichment against Leavitt similarly fails because Plaintiffs have not alleged any direct relationship with Leavitt. The negligent misrepresentation claim must fail because Plaintiffs have not pointed to a single misrepresentation allegedly made by Leavitt to either Plaintiff to support this claim.

It is important to note that Plaintiffs claimed they needed time to obtain discovery while Defendants' motions to dismiss were pending in order to demonstrate to this Court that it has both jurisdiction and valid claims against Defendants. Despite this opportunity, Plaintiffs have fallen short with respect to Mr. Leavitt. They submitted dozens of emails to this Court in which other Alliance representatives – not Mr. Leavitt – discussed the adjudication of test strips by Alliance

pharmacies. However, these communications neither establish jurisdiction nor support prima facie facie claims as to Leavitt.

### SUPPLEMENTAL STATEMENT OF FACTS ADDUCED FROM DISCOVERY

Leavitt is a Utah resident and the former Chief Financial Officer of Alliance. (*See* Am. Compl. ¶ 18.) Leavitt has never been physically present in the State of New Jersey at any time during his entire lifetime. (*See* Defendant Justin Leavitt's Objections and Answers to Plaintiffs' First Set of Interrogatories ("Answer to Interrogatories"), attached to the Certification of Nicole G. McDonough, Esq. ("McDonough Esq.") as **Exhibit D**, Answers to Interrogatory Nos. 1 and 2.) Mr. Leavitt has never communicated with any person, corporation, or entity located in the State of New Jersey, including the employees of Peterson Pharmacy in South Amboy, New Jersey. (*See id.*, Answer to Interrogatory No. 3.) In fact, the former employees of Peterson Pharmacy deposed by Plaintiffs, i.e. Robert Bucco and Masum Amin, did not recognize the name "Justin Leavitt" when asked by Plaintiffs' counsel if they knew him. (*See* Transcript of Deposition of Robert Bucco, dated Apr. 6, 2018 ("Bucco Tr."), attached to the McDonough Cert. as **Exhibit B**, at 100:8-9; Transcript of Deposition of Masum Amin, dated Apr. 12, 2018 ("Amin Tr."), attached to the McDonough Cert. as **Exhibit A**, 27:4-6.) While Plaintiffs attempt to make much of the fact that Ms. Amin brought allegedly improper conduct at Peterson Pharmacy to the attention of officials at Alliance, Mr. Leavitt simply was <u>not</u> one of the people with whom Ms. Amin communicated and/or with whom details related to Ms. Amin's concerns were addressed.[2]

---

[2] Desperate and grasping at straws, Plaintiffs produced an unverified email, dated April 10, 2014, between Alliance employees, Jose Vargas and Sahily Paoline, copying Andrew Jenkins. In that email, Jose states he "spoke with Justin," but does not identify "Justin Leavitt" as the "Justin" with whom he spoke. *See* Exhibit 21 to the Declaration of Ryan Mott dated May 2, 2018. Plaintiffs use this email to support their claim that Mr. Leavitt was somehow involved in the test strip concerns raised by Ms. Amin at Peterson Pharmacy. However, there is absolutely no indication that this email refers to Mr. Leavitt, especially in light of the fact that in 1.4 million emails Plaintiffs' received from Alliance, this was the <u>one</u> email upon which Plaintiffs now rely to claim that Leavitt was involved in addressing test strip concerns at Peterson Pharmacy. There is no support for this tenuous proffer.

At most, discovery has demonstrated that Leavitt was carbon copied on emails related to Alliance's decision to form a relationship with Peterson Pharmacy in New Jersey – a decision which Leavitt lacked the authority to make on his own. (*See* Answers to Interrogatories at Answer to Interrogatory No. 7.) In his Answers, Mr. Leavitt indicated that, as the Chief Financial Officer, he did not authorize, supervise, and/or approve any business plans or proposals because he did not have that level of authority, supervision, and/or approval. (*Id.* at Answer to Interrogatory No. 8.) The emails relied on by Plaintiffs in attempting to establish personal jurisdiction over Mr. Leavitt show only that Leavitt was involved in communications with Dow Jones, the owner of Peterson Pharmacy, at the time when Mr. Jones negotiated the purchase of Peterson Pharmacy by Alliance. These comments and testimony from Mr. Jones show merely that Mr. Leavitt was involved in his capacity as CFO with respect to Alliance's Management Agreement with Peterson Pharmacy. (*See* Transcript of Deposition of Dow Jones, dated April 25, 2018 ("Jones Tr."), attached to the McDonough Cert. as **Exhibit C**, at 117:19-118:5.) Leavitt assisted with the preparation of financial documents for the transaction. Such activities do not support personal jurisdiction in this State in this lawsuit, nor do they support the causes of action alleged by Plaintiffs against Leavitt.

## LEGAL ARGUMENT

### I. THIS COURT SHOULD GRANT LEAVITT'S MOTION PURSUANT TO FED. R. CIV. P. 12(b)(2) BECAUSE DISCOVERY CONFIRMS THAT PLAINTIFFS CANNOT ESTABLISH PERSONAL JURISDICTION OVER LEAVITT.

Plaintiffs bear the burden of demonstrating by a preponderance of the evidence that personal jurisdiction is proper in New Jersey. *See Cerciello v. Canale*, 563 Fed.Appx. 924, 925 n.1 (3d Cir. 2014). "In order to meet that burden, plaintiff must establish jurisdictional facts through sworn affidavits or other competent evidence." *Christie v. National Institute for Newman*

*Studies*, 258 F.Supp.3d 494, 499 (D.N.J. 2017). "Once the plaintiff has shown minimum contacts, the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable." *Id.* (citing *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F.Supp.2d 629, 633 (D.N.J. 2004).) Plaintiff must prove that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (citing *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. and Placement*, 326 U.S. 310, 316 (1945). Third Circuit courts apply a three-party inquiry to determine whether jurisdiction exists over a party on account of specific activities that took place in the forum state:

> (1) Defendant's activities must be purposefully directed at the forum;
>
> (2) Plaintiff's claims must arise out of or related to at least one of those specific activities; and
>
> (3) The assertion of jurisdiction must be reasonable or otherwise comport with fair play and substantial justice.

*Id.* at 500 (citing *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). In explaining this analysis, the Third Circuit has required a plaintiff to show, among other things, that the defendant committed an intentional tort and targeted his conduct at the forum such that the forum was "the focal point" of the tortious activity. *Id*. In so doing, it cautioned, "**[Knowledge] alone is insufficient to satisfy satisfy the targeting prong of the effects test**." *IMO Indus., Inc. v. Kiekert AG,* 155 F.3d 254, 259 (3d Cir. 1998) (emphasis added). Furthermore, "…physical entry into the State – either by the defendant in person or through an agent, goods, mail, or some other means – is certainly a relevant contact." *Christie*, 258 F.Supp.3d at 501 (citing *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014) (reversing lower court and holding Nevada district court lacked jurisdiction over Georgia resident who engaged in alleged tortious conduct that would delay the return of funds to Nevada residents.)). In *Walden*, the Supreme Court stressed that "contacts with the forum State must be

created by the defendant *himself*." *Walden*, 134 S.Ct. at 1122. The relevant inquiry, thus, is "not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* at 1125. "…[I]t must show that the defendant defendant has formed a contact with the forum State." *Id.*

Here, Leavitt's sole conduct related to the negotiation of a management contract on behalf of his employer, with a company (Peterson Pharmacy) located in New Jersey does not connect him to New Jersey in any meaningful way for purposes of this action. While such conduct may connect **Alliance** to New Jersey for purposes of jurisdiction, it does not also connect Leavitt. It is well-settled that Alliance's connections to New Jersey are insufficient to create personal jurisdiction over its former employees and/or officers. *See Christie,* 258 F.Supp.3d at 510; *Calder v. Jones*, 465 U.S. 783, 790 (1984); *Busee v. Homebank LLC*, No. 07-3495, 2009 WL 424278, at *4 (D.N.J. Feb. 18, 2009) ("[J]urisdiction over an individual does not exist simply because he or she is an agent or employee of an organization which presumably is amenable to jurisdiction in this Court"). As the Supreme Court emphasized, contacts with the forum state must be created by the defendant *himself*. *Walden*, 134 S.Ct. at 1122. The requisite intentional and purposeful conduct directed at this forum is not present here with respect to Leavitt. Plaintiffs' reliance on *Christie v. Nat'l Institute for Newman Studies* is therefore inapposite.

There, the defendants took action against their former employee who lived in New Jersey by hacking into his emails on his computer, which was located in New Jersey. Plaintiff alleged that the individual defendants "approved and oversaw" the tortious conduct giving rise to plaintiff's claims, and the defendants did not provide any evidence to contradict plaintiff's version of events. *Christie*, 258 F.Supp.3d at 511. That is simply not the case here. Leavitt has shown that Plaintiffs' version of facts is without foundation in the record. Leavitt has provided sworn

Answers to Interrogatories and Responses to Requests for Admission demonstrating his lack of contacts with this forum and lack of involvement in any of the alleged tortious conduct. *See* Exhibits D and E to the McDonough Cert. The very email communications on which Plaintiffs rely demonstrate that Leavitt's conduct with respect to New Jersey is insufficient; he never physically entered the state in some meaningful way and/or personally targeted the state of New Jersey.

Plaintiffs' reliance on *Calder v. Jones* and *Donner v. Tams-Witmark Music Library, Inc.* to establish individual liability against Leavitt in his capacity as a former officer of Alliance are similarly misplaced. In *Calder*, the Supreme Court considered a case where one petitioner wrote and the other edited an article about the respondent for the *National Enquirer* publication, and petitioners knew the article would have a potentially devastating impact upon respondent in the forum State. 465 U.S. 783 (1984). The court concluded – and petitioners did not deny – that they they were "primary participants in an alleged wrongdoing intentionally directed at a California resident." *Id.* at 790. The same simply cannot be said about Leavitt who denies any participation in Alliance's alleged wrongdoing, and about whom there is a dearth of documentary evidence to support any such involvement. Plaintiffs simply cannot meet their burden to show the requisite minimum contacts. In *Donner*, the Eastern District of Pennsylvania considered whether alleged tortious conduct committed by a corporation and its officers supported personal jurisdiction in the forum state where repercussions of the conduct were felt. 480 F.Supp. 1229, 1232-34 (E.D.Pa. 1979). There, the Court confirmed the rule that "corporate officers are personally liable for alleged alleged tortious conduct of the corporation fi they personally took part in the commission of the tort, or if they specifically directed other officers, agents or employees of the corporation to commit the act." *Id.* at 1233. In *Donner*, the individual defendant personally performed the actions in his

his corporate capacity that gave rise to plaintiffs' claims of fraudulent misrepresentation. *Id.* That That is simply not the case here. None of the alleged tortious conduct related to the adjudication of test strips by Peterson Pharmacy in New Jersey is alleged to have been performed by Leavitt. Given the broadest of inferences, Leavitt is alleged solely to have been involved in his corporate capacity as the Chief Financial Officer of Alliance in the negotiations surrounding Alliance's management agreement of Peterson Pharmacy and Dow Jones's purchase of Peterson Pharmacy. Plaintiffs do not allege, however, that the acquisition of Peterson Pharmacy by Dow Jones or the management agreement between Peterson Pharmacy and Alliance constituted tortious conduct. As As such, and because Leavitt has not engaged (either in his corporate or individual capacity) in any of the bare minimum contacts necessary to establish jurisdiction, Leavitt's motion to dismiss must be granted for lack of personal jurisdiction.

## II.     **VENUE IS IMPROPER UNDER FED. R. CIV. P. 12(B)(3).**

Venue is improper as to Leavitt because this Court lacks personal jurisdiction over Leavitt as set forth in Section I, supra. Furthermore, establishing venue under 28 U.S.C. § 1391 in this case requires a showing that the District of New Jersey is the judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391. The Third Circuit has observed that:

> the venue provision favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be substantial, and that substantiality is intended to preserve the element of fairness so that a defendant is not hailed into a remote district having no real relationship to the dispute.

*Bockman v. First American Mktg. Corp.*, 459 Fed.Appx. 157, 161 (3d Cir. 2012) (affirming dismissal of Complaint based on improper venue) (citing *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183-84 (1979) (noting that the purpose of the venue provision is "to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial.")). In determining

determining whether venue is proper, courts should consider facts such as the subject matter of the action, the interests of defendants, and the location of witnesses and evidence. *Eason v. Linden Avionics, Inc.*, 706 F.Supp. 311, 330 (D.N.J. 1989). Each of these considerations demonstrates that New Jersey is not a proper venue for this action, and Plaintiffs here have failed to establish a substantial part of the events related to Leavitt occurred in New Jersey.

Furthermore, Plaintiffs oppose Leavitt's motion to dismiss for improper venue predominantly based on the facts that a large number of diabetic test strips were adjudicated from the Peterson Pharmacy in New Jersey and because Masum Amin, a former employee of Peterson Pharmacy who allegedly uncovered the wrongful conduct of Alliance, is a mother who works and lives in New Jersey full-time. Moreover, the residence of one fact witness is insufficient to support venue in the District of New Jersey. While it may be more convenient for Ms. Amin if this litigation proceeded in the District of New Jersey, it is a significant burden to every individual defendant, including Mr. Leavitt who does not reside in New Jersey and has never been to New Jersey. Alliance is a Utah-based company, and, as the submissions of other defendants are expected to show, the majority of witnesses and defendants do not reside in New Jersey. Based on these factors, venue is not proper in this district.

### III. LEAVITT'S MOTION SHOULD BE GRANTED UNDER RULE 12(B)(6) BECAUSE PLAINTIFFS CONTINUE TO LACK FACTUAL ALLEGATIONS TO ADEQUATELY STATE THE CAUSES OF ACTION ASSERTED AGAINST LEAVITT.

Despite receiving well over one million pages of documents and taking testimony from three fact witnesses, Plaintiffs have not proffered any additional factual support for their claims against Leavitt. As such, it remains clear that Mr. Leavitt was not involved in the alleged fraudulent scheme committed by Alliance and lacked the authority to make any decisions regarding Alliance's business operations on his own. It also is clear that the actions and conduct

of Mr. Leavitt related to Dow Jones's purchase of Peterson Pharmacy and the management agreement between Peterson Pharmacy and Alliance do not form the basis for Plaintiffs' causes of action sounding in fraud, tortious interference, unjust enrichment, and negligent misrepresentation. Plaintiffs have woefully failed to assert the requisite allegations as to Leavitt to demonstrate that he committed any of the causes of action asserted against him and to argue otherwise requires more than a quantum leap of faith.

To establish a claim for fraud under New Jersey law, a claimant must prove five elements:

> (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages.

Allstate New Jersey v. Lajara, 222 N.J. 129, 147 (2015); Triffin v. Automatic Data Processing, Inc., 394 N.J. Super. 237, 246 (App. Div. 2007) (citing Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997); Van Dam Egg Co., v. Allendale Farms, Inc. 199 N.J. Super. 452, 456-57 (App. Div. 1985)). Plaintiffs have not presented any allegation or evidence (other than the general conclusory allegations asserted against the individual defendants collectively) to show that Leavitt made any representations to Plaintiffs whatsoever. Furthermore, Plaintiffs do not allege facts to show any of the other four elements of a fraud claim with respect to Leavitt. As such, the fraud claim must be dismissed as to Leavitt for failure to state a claim.

Plaintiffs' claim for tortious interference fails for the same reasons – Plaintiffs have not made any allegations regarding Leavitt's intentional conduct to support the claim. Plaintiffs have not alleged that Leavitt knew of Plaintiffs' expectation of an economic benefit or that Leavitt intentionally interfered with it. Plaintiffs have not alleged that Leavitt took any action that was unjustified and done with malice. The gravamen of a claim for tortious interference is that the defendants' conduct was wrongful. *MacDougall v. Weichert*, 144 N.J. 380 (1996); *Printing Mart-*

*Morristown v. Sharp Electronics Corp.*, 116 N.J. 739, 751 (1989); *Ideal Dairy Farms, Inc. v. Farmland Dairy Farms, Inc.*, 282 N.J. Super. 140, 199 (App. Div.), *certif. denied*, 141 N.J. 99 (1995). In order for conduct to be deemed "wrongful," there must be proof of "malice," *i.e.*, "the intentional doing of a wrongful act without justification or excuse," a determination which is made on a case-by-case basis. *Printing Mart*, 116 N.J. at 751, 756.

As to Plaintiffs' claim against Leavitt for unjust enrichment, Plaintiffs have not alleged that Leavitt received a benefit, the retention of which would be unjust. *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994) (Holding that unjust enrichment exists when a "defendant received a benefit and that retention of that benefit without payment would be unjust.").

Finally, with respect to negligent misrepresentation, Plaintiffs have not identified any misrepresentation made by Leavitt to anyone, and certainly not to Plaintiffs. Contrary to Plaintiffs' contention, they have not alleged sufficient "factual matter" to state a claim against Leavitt "that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs' desperate attempt to lump Leavitt in a group with the other defendants, each of whom may or may not have varying degrees of involvement in the alleged improper acts committed in New Jersey by Alliance, does not support Plaintiffs' claims against Leavitt. For these and the reasons set forth in Leavitt's moving brief, this Court should grant Leavitt's motion to dismiss the action in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for Plaintiffs' failure to state a claim against Leavitt.

## **CONCLUSION**

Leavitt is in Plaintiffs' crosshairs for no reason other than his former title at Alliance of "Chief Financial Officer." Plaintiffs cannot produce a single communication or obtain testimony from any of the individuals who ran Peterson Pharmacy in New Jersey to show that Leavitt was involved in any improper conduct either in his corporate or individual capacity. For the reasons

-12-

set forth above and in Leavitt's moving papers submitted in support of his Motion to Dismiss, Leavitt respectfully submits that his Motion should be granted in its entirety because: (i) Plaintiffs have failed to allege facts sufficient to demonstrate Leavitt *himself* had any contact with New Jersey; (ii) venue in the District of New Jersey is improper and burdensome; and (iii) the Amended Complaint fails to state a claim for relief as to Leavitt pursuant to Rule 12(b)(6).

**DATED June 1, 2018.**

                                                     **ARCHER & GREINER P.C.**

                                                     */s/ Thomas J. Herten*
                                                     Thomas J. Herten (TH7556)
                                                     Nicole G. McDonough (NM 5221)
                                                     Court Plaza South, West Wing
                                                     21 Main Street, Suite 353
                                                     Hackensack, New Jersey 07601
                                                     (201) 342-6000
                                                     therten@archerlaw.com
                                                     nmcdonough@archerlaw.com
                                                     *Attorneys for Defendant, Justin Leavitt*

214560474v2